## THEODORE HOLTON *vs.* JOHN A. BOWMAN.

### June 13, 1884.

**Mortgagee in Possession—Title to Crop raised.**—L., being the owner, mortgaged land to H. The latter assigned the mortgage to M., who attempted to foreclose by advertisement, and at the sale became the purchaser; the attempt to foreclose being ineffectual, for failure to serve notice on L., who was in possession. M. executed a quitclaim deed of the land to plaintiff, and he, after the time to redeem expired, believing himself the owner, peaceably, with the knowledge of and without any objection by L., entered and broke a part of the land, and the next year sowed and raised and cut a crop of wheat upon it. *Held*, that plaintiff was in the position of a mortgagee in possession, and was the owner of the wheat raised by him.

Plaintiff brought this action in the district court for Becker county, to recover for the conversion of wheat, of which plaintiff claimed to be the owner. The action was tried by *Stearns*, J., without a jury, and judgment ordered for plaintiff. Defendant appeals from an order refusing a new trial.

*Wilson & Ball, E. E. Webster* and *Wm. B. Phelps,* for appellant.

*Chas. D. Kerr,* for respondent.

GILFILLAN, C. J. Action for converting a large quantity of wheat. The court below states, as its findings of fact, that plaintiff was the owner of the wheat, and that defendant converted it, and states the value, and, as a conclusion of law, that plaintiff is entitled to recover

such value.  Upon what state of facts or on what grounds the con-
clusion as to ownership is based, cannot be told from this meagre
finding.  The wheat was sown and harvested by plaintiff on land
broken by him, and was then taken from him by defendant.  There
were certain facts as to which there was, at the trial, no controversy.
January 10, 1878, one Larson was the owner of the land on which
the wheat was grown, and executed a mortgage on it to one Hansen.
The latter assigned the mortgage to one Marshall, who, in May, 1879,
a part of the mortgage debt being due, attempted to foreclose it by ad-
vertisement, and became the purchaser at the sale.  This attempt to
foreclose was ineffectual, by reason of failure to serve on Larson, who
resided on the land, the notice required by statute.  In December,
1879, Marshall executed to plaintiff a quitclaim deed of the premises.
In the summer of 1880 the plaintiff, in good faith, believing himself
the owner of the premises by virtue of such mortgage foreclosure and
quitclaim deed, peaceably entered upon and broke about 90 acres
thereof, and in the spring of 1881 sowed it with wheat, and in Au-
gust cut and put the wheat in shocks, and made preparations to thresh
it.  After it was cut and shocked, Larson executed a chattel mort-
gage upon it to defendant, who immediately took the wheat by virtue
of it.  After sowing the wheat, plaintiff repaired the old and built
new fences, so that the 90 acres, at least, were all inclosed.  Whether
the inclosure took in the house in which Larson was then living, on
part of the land, is not very clear from the evidence.  It is clear that
plaintiff's entry and breaking were with the knowledge of, and with-
out any expression of dissent or objection by, Larson, who knew un-
der what claim he entered upon the land.  And it is also clear that,
from the time of his entering, plaintiff's was the only actual posses-
sion of the 90 acres.  On these facts there is one obvious ground on
which the court might find plaintiff to be the owner of the wheat,
and that is, that while raising it, his position was not that of a tres-
passer, but of a mortgagee in possession.  As to this, the case is not
distinguishable from *Johnson* v. *Sandhoff*, 30 Minn. 197.  As mort-
gagee in possession he was entitled to the products which he made
from the land, and was accountable for the rents and profits.

Order affirmed.