## SARAH J. SANBORN *vs.* WILLIAM PETTER.

### July 15, 1886.

**Mortgage—Foreclosure by Advertisement — Insufficient Publication of Notice.**—An affidavit of the publication of a notice of a mortgage sale in foreclosure proceedings, by advertisement, was made by appending to a copy of the notice, as originally published, a copy of a notice of adjournment, stating that "the foregoing sale is adjourned until the sixth day of October, 1864." The original notice designated September 29, 1864, for the sale. To these copies an affidavit was appended, stating that "the above notice of mortgage foreclosure sale" was printed for the period of six weeks, "*the last publication being made on the twenty-eighth day of September,* 1864; and that said notice of adjournment of said sale was printed and published in said paper on Wednesday, the fifth day of October, 1864." The sale was made on the sixth day of October.

v.35m—29

This affidavit, being received in evidence as proof of the publication, construed as showing the publication of the fifth day of October of only the notice of adjournment, and not of the original notice also; and, the notice of adjournment not containing all the essential requisites of a notice of sale, the publication so made was insufficient to authorize a sale. Such proof considered as overcoming any *prima facie* evidence of the regularity of the notice which may attach to the sheriff's certificate of sale by virtue of Laws 1883, *c.* 112.

Appeal by defendant from an order of the district court for Hennepin county, refusing a new trial, after a trial by *Young,* J., who ordered judgment for plaintiff.

*Chas. A. Ebert* and *John H. Long,* for appellant.

*Wilson & Lawrence,* for respondent.

DICKINSON, J. This is an action of ejectment. The plaintiff's asserted title rests upon a statutory foreclosure of a mortgage in 1864, the plaintiff having been the purchaser at the foreclosure sale. The plaintiff, to sustain her claim of title, offered in evidence a sheriff's certificate of foreclosure sale, and also a printer's affidavit of the publication of the notice of the foreclosure sale, which affidavit was made and recorded in 1884. From this evidence it appeared that the foreclosure sale was on the sixth of October, 1864. The original notice of sale designated September 29, 1864, as the day of sale. A notice of the adjournment of the sale was published, (whether alone, or appended to the original notice, does not appear, except by the affidavit,) in which it was announced that "the foregoing sale is adjourned until the sixth day of October, A. D. 1864," the hour and place of sale being also stated. To a copy of the original notice, and of this notice of adjournment, was appended the affidavit referred to, which states that "the above notice of mortgage foreclosure by advertisement was printed and published in said newspaper once in each week for six successive weeks, the first publication being made on Wednesday, the seventeenth day of August, 1864, and the last publication being made on the twenty-eighth day of September, 1864; and that said notice of adjournment of said sale was printed and published in said paper on Wednesday, the fifth day of October, 1864." The natural, and as we think the proper, construction of this

makes it to mean that the last publication of the original notice of sale (which embraced the requisite elements of such notice) was made September 28th, and that only the notice of adjournment (which, standing alone, was wanting in such requisites) was published on the fifth of October. This specific evidence of the facts would, at least as against the party offering it, overcome the *prima facie* proof of the regularity of the proceedings which the respondent claims for the sheriff's certificate, by virtue of Laws 1883, *c*. 112. Taking the fact to have been as shown by the affidavit, the notice of adjournment as published was insufficient to authorize the sale; and the finding of title in the plaintiff, derived through the foreclosure sale, and the judgment based thereon, cannot be sustained. The statutory limitation prescribed in the act above referred to is inapplicable to prevent the defendant, who has been in possession of the property since 1867, from questioning, in this action of ejectment, the validity of the plaintiff's asserted title. *Baker* v. *Kelley*, 11 Minn. 358, (480;) and see *Kipp* v. *Johnson*, 31 Minn. 360, (17 N. W. Rep. 957.)

The judgment must be set aside, and a new trial awarded.