44 199
45 379
44 199
47 224
44 199
63 166
c63 277

---

ALBERT T. JELLISON *vs.* THOMAS HALLORAN.

July 25, 1890.

**Void Foreclosure Sale—Right of Grantee of Purchaser.**—Conceding that the mortgage foreclosure sale in question in this case, and set up by the defendant, was invalid, the grantee of the purchaser at such sale became the equitable assignee of the mortgage.

**Same—Mortgagee in Possession—Evidence.**—Evidence *held* sufficient to support the finding of the trial court that such grantee, immediately upon his purchase of the premises, entered into, and continued in, the actual, open, and exclusive possession thereof until the expiration of the time to foreclose the mortgage and redeem the premises.

**Same—Mortgagor's Assent to Possession, when Implied.**—Where such purchaser takes and holds possession of mortgaged premises in good faith, the assent and acquiescence of the mortgagor may be implied from circumstances, such as the abandonment of the premises by him, and the neglect to assert any claim thereto after notice, express or implied, of the possession of such purchaser.

**Notice—Matters Disclosed by Record—Mortgagee's Possession.**—A party claiming to be the owner of premises is chargeable with notice of any equities or rights of other parties, as disclosed by the record of his own title, and, after a reasonable time, with actual notice of the open and continuous possession of a mortgagee in possession.

Action to determine adverse claims, brought in the district court for Hennepin county. After the decision of a former appeal, (40 Minn. 485,) reversing a judgment for plaintiff on the pleadings, the action was tried by *Rea*, J., who ordered judgment for defendant. The plaintiff appeals from an order refusing a new trial.

*J. M. Shaw, F. H. Boardman*, and *W. A. Lancaster*, for appellant.

*D. A. Secombe*, for respondent.

VANDERBURGH, J. From the record and findings in this case, it appears that on and prior to the 17th day of May, 1867, one Charlotte W. Brown was the owner in fee of government lot 4, in section 32, township 29, range 24, in Hennepin county, which is the land in controversy, to which plaintiff claims title. Mrs. Brown died on that day, the land then being incumbered by a mortgage by her executed to one A. G. Ruliffson on January 5, 1867, for $940, payable in one year, with interest at 12 per cent. March 13, 1868, one J. C. Whitney was appointed administrator of her estate, and thereupon qualified, and entered upon his duties as such. Thereafter the mortgagee brought an action to foreclose his mortgage, in which the administrator was made defendant, but the heirs of the deceased mortgagor, of which the plaintiff was one, were not made parties; and thereafter such proceedings were had that judgment of foreclosure was duly entered, and the mortgaged premises duly sold to the mortgagee for the amount due, being about $1,200. The certificate of sale was duly issued and recorded, and the sale confirmed, during the same year, 1868. The foreclosure proceedings were afterwards completed, the sale confirmed, and the record thereof duly made, including the recording of the certificate of foreclosure sale. There having been no redemption, the mortgagee, Ruliffson, sold and conveyed the premises by warranty deed to the defendant, in consideration of the sum of $2,200, which deed was duly recorded September 12, 1870. The defendant sets out his title substantially as above stated, and alleges that he entered into actual possession of the premises upon the delivery of the deed to him, "occupying, using, and paying taxes thereon, and has continued in possession of the same from that date up to the present time,—more than fifteen years." The plaintiff, in reply, ad-

mits the execution of the mortgage and the conveyance by Ruliffson to defendant, denies his possession, and denies the validity of the foreclosure as to the plaintiff, and alleges title in himself as devisee of Mrs. Brown.

Subsequent to the foreclosure, it seems that a will of Mrs. Brown was produced, and allowed and admitted to probate on the 27th day of August, 1869; and in December following an administrator with the will annexed was appointed, who thereafter qualified. The will devised several parcels of real estate to divers parties, and the real estate in question here to the plaintiff and one Julia Jellison. On the 25th day of December, 1869, the administrator filed an inventory of the real estate of the deceased, and a petition for a final decree of distribution; and such decree was thereafter made and entered in the probate court. But neither the inventory, petition, nor decree of distribution included or referred to this land in question, devised to and claimed by the plaintiff; and the inventory and petition referred to contained a statement that all the debts of the deceased had been fully paid except a small debt of less than $100, and the final decree contained a recital to the same effect. Both the debt due Ruliffson and the property mortgaged to secure it were ignored by the administrator and the probate court in the proceedings for the settlement of the estate of the testator. It does not appear that the second administrator ever took possession or made any claim to it. At that time, it was in the possession of Whitney, who delivered it to the defendant when the latter received his conveyance from the mortgagee. The administrator doubtless treated the mortgage debt as paid by the sale of the land, and considered that the latter was lost to the estate by the foreclosure. The court further finds that the defendant entered into the actual possession of the premises under his deed, which was duly recorded, "and from that time till the month of June, 1887, remained in the actual, open, notorious, and exclusive possession thereof, with the assent of plaintiff."

The evidence offered by the defendant is sufficient to support the finding of the court in respect to his actual and continued possession of the premises until the year 1887, when he removed the fences, and

the land is not now actually cultivated or occupied. He has not since abandoned the property or ceased to exercise dominion over it, and has paid the taxes since 1870. Conceding that he occupied the position of a mortgagee in possession, such possession having continued after the expiration of the time of redemption, his title had become absolute; and his failure subsequently to keep up his improvements, or to cultivate or occupy the premises, would not affect his right to the land, or the possession which would remain constructively in him. *Rogers* v. *Benton*, 39 Minn. 39, 45, (38 N. W. Rep. 765.)

It is found by the court that the defendant entered into possession under color of title, claiming to be the owner in fee; and the case does not differ materially, in this respect, from that of *Johnson* v. *Sandhoff*, 30 Minn. 197, (14 N. W. Rep. 889,) and *Holton* v. *Bowman*, 32 Minn. 191, (19 N. W. Rep. 734,) in which the grantees of purchasers at void foreclosure sales went into and held possession in good faith, believing themselves to be the owners of the premises, and under circumstances from which the assent of the mortgagor might be implied. Such purchasers are held to be equitable assignees of the mortgages, and to occupy the position of mortgagees in possession. It is to be fairly inferred from the facts alleged and found that defendant entered and held possession in good faith, (*Millard* v. *Truax*, 73 Mich. 381, 41 N. W. Rep. 328,) and with plaintiff's consent and acquiescence. Such acquiescence may be implied from the facts and circumstances in the case. In *Rogers* v. *Benton, supra,* it was expressly held that the assent of the mortgagor to the possession of the mortgagee might be so implied, and, among other things, from the fact that the mortgagor had become a non-resident, and abandoned the possession. So, in *Howell* v. *Leavitt,* 95 N. Y. 617, it is said the mortgagor's assent or acquiescence may often be inferred from slight circumstances.

The court, however, also finds that the plaintiff had no actual knowledge of the mortgage, or of defendant's claim or possession and occupation of the premises, prior to the year 1887; and he insists that there could be no assent or acquiescence where there is no actual knowledge. But, as respects the rights and claims of third

persons, the plaintiff was bound to take notice of the state of his own title as shown by the records of the register of deeds and the probate court. He is chargeable with notice of the mortgage in question made by his testator, and any equities of defendant which the inquiry suggested by it would, with reasonable diligence, acquaint him with. *Kettle River R. Co.* v. *Eastern Ry. Co.*, 41 Minn. 461, 473, (43 N. W. Rep. 469.)

In like manner, plaintiff was chargeable, after a reasonable time, with notice of the actual, open, notorious, and continued possession of defendant, who entered and occupied as owner, exercised exclusive dominion over the property, and paid all the taxes thereon, for nearly 20 years; the plaintiff, who was a non-resident, having in the mean time made no sign, asserted no rights, and apparently abandoned the possession and all claim to the premises. And plaintiff's own negligence may well be considered as tending to induce the defendant to rest securely in possession of the property under the impression and belief that he had a good title under his deed, and to refrain from proceeding to a second foreclosure until it was too late. *Graydon* v. *Church*, 7 Mich. 36, 68; Sedg. & W. Tr. Title Land, § 710.

The defendant, as purchaser or assignee, was interested in the property, and in preserving the improvements, and in paying the taxes, for his own protection; and, under the circumstances, it was a reasonable and apparently the proper thing for him to do, if no claimant appeared, to peaceably assume possession of the property, and the assent and acquiescence of the absent plaintiff in his continued possession may well be presumed; and, if it remained undisturbed and unchallenged until the time of redemption had passed, plaintiff's remedy would be lost through his own inexcusable laches. The open and visible evidence of the defendant's possession was notice to all the world of the nature of his claim, whether legal or equitable. *Poignard* v. *Smith*, 6 Pick. 172. The plaintiff could not neglect to inform himself of the condition of the property without incurring the same responsibility which he would have if he had possessed actual knowledge.

The decision of the trial court is sustained, upon the ground that the findings warrant the conclusion that the plaintiff occupied the position of a mortgagee lawfully in possession for the statutory period.

Order affirmed.