MICHAEL CASEY *vs.* JULIA A. MCINTYRE.

March 17, 1891.

Foreclosure by Advertisement — Service of Notice on Junior Mortgagee in Possession.—Plaintiff, being the mortgagee in and holder of certain mortgages, was in the possession of the mortgaged premises in question in 1887, when they were conveyed to a third party, and when a prior mortgage thereon was foreclosed by advertisement, in 1888. The defendant, a subsequent mortgagee, redeemed the premises from the foreclosure sale, and claims title by virtue of such redemption. It appearing that no notice of the foreclosure proceedings was served upon the plaintiff, the occupant of the premises, as required by the statute, the foreclosure sale was void, and the redemption ineffectual.

Same—Pleadings Construed.—*Held,* that the reply in the case is sufficient to put defendant upon proof of the service of such notice upon the occupant.

Same — Owner not Estopped by Occupant's Waiver of Notice or Attempted Redemption.—Where the premises are occupied at the time of the foreclosure, by one who is not the owner, a subsequent waiver by him of the failure to serve notice on him will not validate the foreclosure as respects the owner, nor would the filing by him of notice of an intention to redeem from an invalid foreclosure operate as an estoppel against him in defendant's favor.

Same — Certificate of Sale as Evidence — Proof of Failure to Serve Notice.—Where the mortgaged premises are so occupied, the presumption of the regularity of the foreclosure, arising from the production of the certificate of sale thereon, is rebutted upon proof of the failure to serve such notice upon the occupant; and such certificate is not presumptive evidence of the actual service of notice upon an owner who is not an occupant thereof.

Action to determine defendant's adverse claim to land in Anoka county, brought in the district court for that county, and tried by *Smith,* J., whose findings of fact were in substance as follows: On March 15, 1884, one Thomas Casey was owner in fee of the land, and on that day executed to Henry C. Fridley a mortgage thereof with a power of sale, which was duly recorded. On June 14, 1887, the mortgage was duly assigned to John Casey, and the assignment duly recorded. On November 15, 1887, default having been made, John Casey attempted to foreclose by advertising and causing the land to be sold by the sheriff on February 28, 1888. At this sale John Casey bid off the premises for $1,088.65, and on the same day received a certificate of sale, which, with the sheriff's affidavit and the affidavit of publication, was recorded February 28, 1888. The foreclosure proceedings were regular and in due form of law, except that there was no evidence that notice of the sale was ever served on Albert S. Loomis, who was then the owner in fee, nor upon this plaintiff, who was and for more than four years had been in actual occupancy of the mortgaged premises. Loomis acquired title in fee from Thomas Casey, by mesne conveyances, prior to April 2, 1887, and on that date he was owner in fee, subject to the above-mentioned mortgage. On April 2, 1887, Loomis executed to plaintiff two mortgages, together including all the land in controversy, and which were recorded May 3, 1887. These mortgages were given to secure the price of the land, which had been purchased by Loomis from plaintiff, who was then in possession ; and at the time of such purchase it was agreed that the plaintiff, for further security, should remain in possession and have the use, rents, and profits ; and under this agreement the plaintiff has ever since remained in possession, and has had the use and profits of the land, and no accounting has been had between him and Loomis, nor any

application made of the value of the use or the rents and profits to payment of either principal or interest of the debt secured by the mortgages. On May 2, 1887, Loomis mortgaged the premises to defendant, the mortgage being recorded February 28, 1889. On November 10, 1888, plaintiff filed notice of intention to redeem from the mortgage sale to John Casey, by virtue of the lien of his mortgage from Loomis; but he never made any redemption from such sale. On February 28, 1889, defendant filed notice of her intention to redeem from the mortgage sale to John Casey, by virtue of her lien created by the mortgage to her from Loomis. On March 9, 1889, pursuant to this notice, the defendant presented to the sheriff the proper papers, (which were recorded the same day,) and paid him the sum necessary to effect a redemption from such sale, and received from him the proper certificate of redemption, which was recorded March 12, 1889. On March 20, 1889, the sheriff paid over the redemption money to John Casey, who received it as such and has ever since retained it.

As conclusions of law the court held: (1) That the foreclosure was ineffectual for failure to serve on plaintiff, who resided on the premises at the time of the attempted foreclosure, the notice required by Gen. St. 1878, c. 81, § 5. (2) That plaintiff is entitled to judgment adjudging the sale ineffectual as to him, and that his rights were not affected thereby. (3) That defendant's attempted redemption by payment to the sheriff, and the payment of the redemption money by the sheriff to John Casey, and the retention of it by the latter, constitute an equitable assignment to defendant of the mortgage attempted to be foreclosed, and that defendant has become subrogated to all the right and interest of John Casey in the mortgage and mortgage debt; and the plaintiff's interest in the premises continues subject to the lien of the mortgage which was attempted to be foreclosed. Judgment was ordered and entered in accordance with these conclusions, and the defendant appealed.

*Wm. B. McIntyre* and *Fred. W. Reed,* for appellant.

*Hammons & Hammons* and *Little & Nunn,* for respondent.

VANDERBURGH, J. Plaintiff alleges in his complaint that he has been in the actual possession and occupancy of the premises in controversy for more than five years, and is the mortgagee named in and

the owner of the two mortgages described in the complaint. In the absence of further allegations, this was enough to entitle plaintiff to maintain the action to determine defendant's adverse claim.

The pleadings show that, prior to the date of the mortgages mentioned, one Thomas Casey was the owner of the premises, the title to which had passed to one Loomis on the 2d day of April, 1887, and who on that day executed to plaintiff the mortgages referred to, which are denominated "purchase-money mortgages," and who was the owner thereof when the prior mortgage upon the same premises set up in the answer, and running to Henry C. Fridley, is therein alleged to have been foreclosed, viz., on February 28, 1888. The answer denies the possession of the plaintiff as alleged in the complaint or at any time, except for three months preceding the commencement of the action as a tenant of Loomis. The execution of the mortgages to plaintiff is admitted. The answer sets up specifically the proceedings for the foreclosure and sale of the premises under the prior mortgage to Fridley, above referred to, including the publication of the notice, etc. The reply substantially puts in issue the foreclosure of the mortgage by a sale of the premises as alleged or otherwise. It is true the answer alleges that the mortgage was duly foreclosed. But this general allegation is controlled by the special averments in respect to the foreclosure proceedings had, which include none of the service of notice upon the owner or occupant, and hence are insufficient, in a case of foreclosure by advertisement, where the premises are in fact actually occupied. *Pinney* v. *Fridley*, 9 Minn. 23, (34.) The lawful foreclosure of the mortgage is not therefore admitted by the reply. And the notice by publication, being the only notice alleged in the answer, would not by itself be sufficient if the plaintiff was actually in possession and occupying the premises at the time, for in that case the law required the notice to be served on him.

It was competent, under the complaint, for plaintiff to show that he was a mortgagee in possession. If he was quietly in possession as such, it was not competent for the defendant, a third party, and a stranger to the relations of plaintiff and Loomis, to raise the question whether he was let into possession by Loomis, or whether, as

v.45M.—34

between them, plaintiff was strictly authorized to continue in possession or not after Loomis got title. As to this there was no prejudicial error. The defendant, as subsequent mortgagee, was bound to take notice of such possession, and that no notice of the foreclosure proceedings was served upon the plaintiff, or upon Loomis, the owner.

Defendant claims that the certificate of sale upon foreclosure was *prima facie* evidence that all the statutory proceedings were regular, and hence that the finding that there was no notice served on Loomis, the owner of the land, is not supported. But unless the owner is in actual possession the statute does not require service of such notice on him, but upon the occupant of the premises. The certificate is not presumptive evidence, then, in this case, that the notice was served on the owner. It is therefore unnecessary to consider what effect would have been given it in this case if service had been shown to have been actually made on the owner, though not made on plaintiff in possession. When it appeared that the premises were occupied, and that the occupant had not been served, the statutory presumption arising from the certificate (Laws 1883, c. 112) was rebutted, and the foreclosure proceedings were shown to be fatally defective. *Heath* v. *Hall,* 7 Minn. 243, (315;) *Holton* v. *Bowman,* 32 Minn. 191, (19 N. W. Rep. 734.) Service upon the occupant is evidently intended, not for his benefit solely, but for the owner as well as others interested in the land, in order to secure more effectual notice of the foreclosure proceedings. *Wakefield* v. *Day,* 41 Minn. 344, (43 N. W. Rep. 71;) *Western Land Ass'n* v. *McComber,* 41 Minn. 20, (42 N. W. Rep. 543.) No subsequent waiver by the occupant would validate the foreclosure as respects the owner, unless he was the owner or authorized to bind him. There is nothing in this record to show any such thing. Defendant's right to redeem must depend upon a valid foreclosure, to constitute which the service of notice was necessary. And we fail to see how the filing by plaintiff of notice of an intention to redeem could by itself operate as an estoppel upon him in this action, or excuse the defendant from investigating the foreclosure proceedings, under which neither could acquire title through a redemption, and both must proceed at their peril. Defendant was

not warranted in relying on such notice, and it is not found that she did. The finding and decision of the court that the foreclosure is invalid is sustained by the record, and the defendant's attempted redemption was therefore ineffectual.

From some facts incidentally disclosed by the record, we should have been glad to have arrived at a different conclusion on the merits, if we could have done so; but we think that, upon the law of the case, the judgment subrogating the defendant to the rights of the mortgagee or assignee of the Fridley mortgage as favorable as she had any right to expect.

Judgment affirmed.