NORA L. SWAIN v. E. A. LYND.

October 31, 1898.

Nos. 11,228—(30).

**Action by Judgment Creditor to Set Aside Void Foreclosure of Mortgage—Failure to Serve Notice of Sale on Occupants.**

A judgment creditor who has levied on the land of his debtor may, in aid of his execution, maintain an action to set aside and have adjudged void a foreclosure, under a power of sale of a prior mortgage executed by his debtor, on the ground that notice of sale was not served on the person in possession of the mortgaged premises, but the certificate of sale and affidavits of sale and of service of notice placed on record show on their face a valid foreclosure.

**Same—Service of Notice for Protection of All Interested—Failure to Serve—Question May Be Raised by Interested Party under Mortgagor.**

The notice of sale required to be served on the person in actual possession of the mortgaged premises is designed for the protection of all parties having an interest in the premises, and not for the exclusive benefit of the occupant himself; hence the omission to serve such notice may be raised, for the purpose of invalidating the foreclosure, by any one having an interest in the premises derived from ·or acquired through the mortgagor.

**Same—Allegation of Value of Premises Unnecessary.**

In such an action it is not necessary for the judgment creditor to

allege in his complaint that the mortgaged premises are worth more than the amount due on the mortgage.

Action in the district court for Nobles county to set aside a foreclosure by advertisement, and to cancel the same of record. From an order, P. E. Brown, J., sustaining a demurrer to the complaint on the ground that it fails to state a cause of action, plaintiff appealed. Reversed.

*Daniel Rohrer*, for appellant.

When the land is occupied, the publication of the notice of sale is not enough; it must also be served on the occupant, and the failure to do so makes the foreclosure proceedings fatally defective, so far as the tracts actually occupied are concerned. The service is not intended for the benefit of the owners only, but also for others interested in the land. Heath v. Hall, 7 Minn. 243 (315); Holton v. Bowman, 32 Minn. 191; Casey v. McIntyre, 45 Minn. 526; Clifford v. Tomlinson, 62 Minn. 195. Appellant, as a judgment lienholder, had a right to redeem from the sale, and that right, to be of any value, must depend on a valid foreclosure, to constitute which service of the notice on the occupant was necessary. Casey v. McIntyre, supra.

*George W. Wilson & Son*, for respondent.

Plaintiff, in order to maintain this action, must allege and prove that the party in possession of the land, at the time of the foreclosure, had interest of some kind in the land; otherwise he cannot be heard to complain of the sale. No one can complain who has not been injured by a foreclosure of a mortgage by advertisement; and we think it affirmatively appears that plaintiff has not been injured in this case. Holmes v. Crummett, 30 Minn. 23; Dunn v. Remington, 9 Neb. 82; Reading v. Waterman, 46 Mich. 107; Miller v. Miller, 48 Mich. 311; Crater v. Smith, 42 N. J. Eq. 348; Belmont v. Cornen, 48 Conn. 338.

MITCHELL, J.

The short facts alleged in the complaint are as follows: In May, 1895, one Thompson executed to defendant a mortgage upon a number of tracts of land in Nobles county. In October, 1896, plaintiff

obtained a judgment against Thompson, which became a second lien on the mortgaged premises. In March, 1897, the defendant foreclosed his mortgage under a power of sale, he himself being the purchaser at the sale of the several tracts, for the respective sums stated in the complaint. He placed on record certificates and affidavits of sale and of service of notice of sale upon the alleged occupants of the several tracts, showing upon their face a regular and valid foreclosure. None of the parties named in the affidavit of service were occupants of any of the five tracts here involved, but all of said tracts were in fact severally in the actual and sole occupancy of certain other named persons (none of whom were the mortgagor and owner, Thompson), and no notice of sale was served upon any of such occupants.

The plaintiff, having caused execution to be issued on his judgment and levied upon these tracts, brought this action in April, 1897, in aid of his execution, to have the foreclosure set aside and adjudged void on the ground that no notice of the sale had been served upon the occupants of the mortgaged premises, as required by statute. The complaint does not show what interest, if any, the actual occupants of the land have or had in it, except the fact that they were in actual and sole possession and occupancy. Neither does it contain any allegation as to the value of the land, or that the whole of the mortgaged premises are worth in the aggregate more than the amount due on defendant's mortgage. To this complaint the defendant demurred, on the ground that it did not state facts constituting a cause of action; and this appeal is from an order sustaining the demurrer.

It is suggested that Thompson, the mortgagor, is a necessary party to the action. It seems to us that this is true, and that it would be the right, if not the duty, of the court to require Thompson to be made a party before entertaining the action; but this point is not raised by a general demurrer, which only presents the question whether the complaint states a cause of action in favor of the plaintiff against the demurring defendant.

The objections to the sufficiency of the complaint presented in appellant's brief may, we think, be fairly stated thus: (1) Plaintiff cannot raise the point that no notice of sale was served on the

"occupants" when neither they nor the mortgagor object to the omission,—which, in legal effect, must mean that only the party upon whom the notice ought to have been served can complain of the omission. (2) In any event, the plaintiff, in order to raise the point, must allege and prove the "occupants" had some interest in the land,—which must mean that it is not necessary to serve notice on an occupant, except when he has some estate or interest in the premises other than mere possession. (3) In order to maintain this action, the plaintiff must show that the land is worth more than the amount due on the defendant's mortgage; otherwise, he is not injured by the foreclosure, even if invalid.

The first of these propositions is based upon the false assumption that the service of notice on the occupant is designed merely for his benefit. The legislature, realizing the difficulty in determining who is the owner of, or has an estate or interest in, land, limited the service of notice to the party in possession, when the land is actually occupied. This was adopted as a means of communicating notice, through the occupant, to all those interested in the land. It was intended for their benefit as well as his. Casey v. McIntyre, 45 Minn. 526, 48 N. W. 402.

If this is so, it completely disposes of the second proposition, which necessarily proceeds on the assumption that the notice is designed exclusively for the protection of the occupant. Moreover, the language of the statute will not admit of the construction sought to be placed upon it. It provides that notice shall be served "on the person in possession of the mortgaged premises if the same are actually occupied." G. S. 1894, § 6032. Counsel seek to interpolate into the statute the words "who has some estate or interest in the premises other than mere possession." It might be further suggested that possession itself constitutes an interest in land.

In further answer to the first proposition, it should be added that, while a person may waive for himself the failure to serve notice on the occupant, he cannot waive it for others who are interested in the land. Casey v. McIntyre, supra. A foreclosure by advertisement is a proceeding in rem as well as in pais. While the power to foreclose is derived from the convention of the parties, yet the pro-

ceedings in the exercise of the power, so far as regulated by statute, are purely statutory; and, in order to constitute a valid foreclosure, all the requirements of the statute must be substantially complied with. One of these requirements is that notice of sale must be served on the person in possession of the mortgaged premises if the same are actually occupied; and, if that requirement has not been complied with, any person having an interest in the premises derived or acquired through the mortgagor can raise the point (if he has not waived it) for the purpose of invalidating the foreclosure.

There is nothing in the suggestion that, even if the foreclosure is invalid, it constituted no obstruction to the sale of the premises on plaintiff's execution. The records on their face show a valid foreclosure. Presumably and naturally, the equity of redemption could be sold more advantageously if the mortgage, constituting the first lien, was not foreclosed, than if it had been already foreclosed and the time for redemption set to running.

Neither was it necessary for the plaintiff to allege that the mortgaged premises were worth more than the amount due on the mortgage. It cannot be held, as a matter of law, that nothing could be realized on a sale of the equity of redemption, even if the amount due on the mortgage was equal to or in excess of the value of the land. The plaintiff ought at least to be allowed to test the matter without being obstructed or trammeled by the record proof of an apparently valid foreclosure, which was in fact invalid. If the mortgagor were a party to the action, and had waived the omission to serve notice on the occupants, and were insisting that the foreclosure sale should stand, a different case would be presented. The consequences of setting the sale aside might be so grave and prejudicial to him that a court might very properly insist that, before setting the sale aside, it should be made to appear that there was a reasonable probability that some substantial benefit would thereby result to the plaintiff.

Our conclusion is that the demurrer should have been overruled.

Order reversed.