## JENNIE L. LEDGERWOOD v. FRANK F. HANFORD AND ANOTHER.[1]

July 15, 1927.

No. 26,014.

**Verdict should have been directed for defendant Sheets.**

> Under the facts stated in the opinion the defendant Sheets was not connected with any wrong whereby the plaintiff gave a warranty deed to property, the title to which failed, in consequence of which she was compelled to reimburse her vendee, and a verdict should have been directed for him.

Conspiracy, 12 C. J. p. 639 n. 90.
Mortgages, 41 C. J. p. 948 n. 61.

Defendant Sheets appealed from an order of the district court for Hennepin county, Salmon, J., denying his separate motion for judgment notwithstanding the verdict or a new trial. Reversed.

G. A. Will, for appellant.

Miner & McDonald, for respondent.

DIBELL, J.

This is an action by the plaintiff, Jennie L. Ledgerwood, against the defendants Frank F. Hanford and Leverett T. Sheets to recover damages which she sustained because compelled to reimburse one Schubert, to whom through the alleged wrongful acts of the defendants she gave a deed of warranty, her title having failed. There was a verdict against both defendants. The defendant

[1] Reported in 214 N. W. 925.

Sheets separately moved for a verdict at the close of the trial. He now appeals from the order of the court denying his separate motion for judgment notwithstanding the verdict or a new trial.

The controlling facts are simple. One Larson foreclosed a second mortgage by advertisement, purchased at the sale, and in January, 1922, the period of redemption expired. Notice of the foreclosure sale was not served upon the occupant as is required by G. S. 1923, § 9604, and the foreclosure was invalid. The defendant Hanford bought the Larson interest for the amount which Larson had invested and title was taken through a deed of quitclaim in the name of the plaintiff from whom Hanford procured the money with which to purchase. The defendant Sheets negotiated a sale to Schubert. At the instance of Hanford the plaintiff gave a warranty deed to Schubert. He was without sufficient money to complete the purchase and Sheets bought from him an interest in other property and the transaction was closed on a cash basis, Sheets giving the various checks in settlement, including one to the plaintiff representing the money which Hanford had obtained from her.

Hanford had been the agent for the plaintiff in making investments and collecting moneys for many years. Her claim is that he wrongfully caused her to give the warranty deed which resulted in the judgment against her in favor of Schubert on her covenants; and her further claim is that Sheets conspired with Hanford, or was so connected with him in the transaction that he is equally liable. The particular nature of the transaction, as between the plaintiff and Hanford, need not be considered further. We assume without deciding, for Hanford does not appeal, that the evidence justified a verdict against him.

A careful consideration of the evidence leads to the definite conclusion that Sheets did not participate in wrongdoing against the plaintiff. Hanford agreed to divide with Sheets the profits or commission made on the purchase from Larson and sale to Schubert. There was no other arrangement between them and Sheets had no arrangement with the plaintiff. He was not her agent. He and Hanford were not partners, they were not engaged jointly, nor was

the arrangement that title should be taken in the name of the plaintiff one in which he participated, nor was he a party to the arrangement by which the plaintiff gave a warranty deed, nor were the two engaged in a conspiracy. A verdict should have been directed for him. All of the facts have been developed and the litigation should end. Upon the going down of the remittitur judgment will be entered in favor of Sheets notwithstanding the verdict.

Order reversed.