# EDWARD HAMMON v. FRANK R. HATFIELD AND ANOTHER.[1]

July 6, 1934.

No. 30,030.

*Donald S. Doty,* for appellant.
*Harold J. O'Loughlin,* for respondents.

*DEVANEY, Chief Justice.*

Action in ejectment. Plaintiff claims title under a sheriff's certificate of sale. It appears that plaintiff held a mortgage upon premises occupied by the defendants herein. June 20, 1932, plain-

[1]Reported in 256 N. W. 94.

tiff attempted to foreclose this mortgage by advertisement. Notices were duly published, but through an inadvertence the sheriff served on defendants a notice of foreclosure intended for the occupants of some entirely different premises and wholly failed to serve defendants with the proper statutory notice of foreclosure. Though the lower court found that defendants knew as early as May or July, 1932, that foreclosure proceedings were being attempted, there can be no question under our decisions but that failure properly to serve a notice of foreclosure on defendants, the then occupants of the premises, rendered the foreclosure proceedings invalid. Casey v. McIntyre, 45 Minn. 526, 48 N. W. 402; Casserly v. Morrow, 101 Minn. 16, 111 N. W. 654; Ledgerwood v. Hanford, 172 Minn. 183, 214 N. W. 925. Plaintiff does not seriously dispute this, but contends rather that defendant cannot now assert the invalidity of the foreclosure proceeding because of 2 Mason Minn. St. 1927, § 9623, which provides:

"No such sale [of mortgaged property] shall be held invalid or be set aside by reason of any defect in the notice thereof, or in the publication or service of such notice, or in the proceedings of the officer making the sale, unless the action in which the validity of such sale is called in question be commenced, or the defence alleging its invalidity be interposed, with reasonable diligence, and not later than five years after the date of such sale. * * *"

He argues that, since the defendants remained in possession fully a year after acquiring actual knowledge that faulty foreclosure proceedings were had without bringing legal action to set the same aside, they did not act with that degree of diligence which is required by this statute. The trial court held that this statute had no application to this case, the same being unconstitutional as against one in continuous possession of the mortgaged land. He expressed an opinion, however, that if this statute was applicable, defendants had not acted with due diligence. Judgment was entered for defendants, and plaintiff appeals therefrom.

The only question is whether 2 Mason Minn. St. 1927, § 9623, is applicable here as against these defendants, who were in possession

of the property at the time of the attempted foreclosure and since have so continued. It is said in 2 Cooley, Constitutional Limitations (8 ed.) pp. 763-764:

"One who is himself in the legal enjoyment of his property cannot have his rights therein forfeited to another, for failure to bring suit against that other within a time specified to test the validity of a claim which the latter asserts, but takes no steps to enforce. It has consequently been held that a statute which, after a lapse of five years, makes a recorded deed purporting to be executed under a statutory power conclusive evidence of a good title, could not be valid as a limitation law against the original owner in possession of the land. Limitation laws cannot compel a resort to legal proceedings by one who is already in the complete enjoyment of all he claims."

Several of our decisions are to the same general effect. See, for instance, Baker v. Kelley, 11 Minn. 358, 368 (480); Sanborn v. Petter, 35 Minn. 449, 29 N. W. 64; Fitger v. Alger, Smith & Co. 130 Minn. 520, 526, 153 N. W. 997. It is to be noted that in the case at bar defendants, who were occupying the land, claimed under the mortgagor directly. One of the defendants here is the daughter of the mortgagor, and the other defendant is the daughter's husband. Both the daughter and her husband lived on the premises with the mortgagor until her decease and since then have continued to live thereon. In this respect the case differs from Fitger v. Alger, Smith & Co. 130 Minn. 520, 153 N. W. 997, which plaintiff urges absolutely controls the case at bar. It will be noted that in the Fitger case the man in possession, Oswell, was not claiming title from and through the mortgagor but was claiming title adversely to the mortgagor. He was an adverse possessor. It was there held that the statute requiring an action to be brought by the one in possession of the land within five years was not unconstitutional where such possessor was an adverse claimant, a stranger to the title. The instant case presents an entirely different situation in that the defendants, who possess the land, are not claiming adversely to the title but rather are claiming title from and under the

deceased mortgagor. Thus we think the rule laid down in the Fitger case has no application to the case at bar.

We conclude then that 2 Mason Minn. St. 1927, § 9623, is unconstitutional in so far as it requires one rightfully in possession of land, not a stranger to the title or claiming adversely to the record owner, to bring an action within a specified time to declare invalid a mortgage foreclosure proceeding. Sanborn v. Petter, 35 Minn. 449, 29 N. W. 64, is direct authority for such a holding. Plaintiff has stressed the fact that 2 Mason Minn. St. 1927, § 9623, in its present form was enacted long before the mortgage here involved was executed. While it is true as a general rule that when a contract is made existing statutes of the state become a part thereof, it is well settled that an unconstitutional statute such as the one here in question does not become incorporated in the contract.

Affirmed.