## WM. WARNOCK COMPANY, INC. AND ANOTHER v. H. D. HUDSON MANUFACTURING COMPANY.[1]

June 4, 1937.

No. 31,254.

[1]Reported in 273 N. W. 710.

 

*Fowler, Youngquist, Furber, Taney & Johnson* and *Ralph H. Comaford,* for appellant.

*Cobb, Hoke, Benson, Krause & Faegre* and *Wright W. Brooks,* for respondents.

*P. L. Solether, C. J. Andre, Guy Chase, Charles E. Phillips,* and *J. H. Colman, amici curiae.*

HOLT, JUSTICE.

Appeal from the order overruling a demurrer to the complaint. The court certifies the questions involved to be important and doubtful.

The Wm. Warnock Investment Company, a corporation, now owns the shares of stock involved in the suit, having purchased them from the other plaintiff shortly before the suit was brought. The main facts alleged in the complaint are: Defendant was incorporated under the laws of this state on September 1, 1905, to "buy, sell and deal in goods, wares and merchandise of each and all kinds and to do all things necessary and convenient thereto." The articles of incorporation provided that the corporate existence should continue for 30 years from September 1, 1905. In 1931 defendant issued 800 shares of its preferred stock which are now owned by the plaintiff Wm. Warnock Investment Company. The par value of the shares with accumulated dividends was $10,280 when this action was begun. At a special meeting duly called and

held August 23, 1935, to consider a proposal to extend the period of defendant's corporate existence for 30 years additional, plaintiffs filed written objections thereto; but more than two-thirds of the shares of stock of defendant were voted in favor of extending the corporate existence for said addition, 30 years. That at such meeting plaintiffs' 800 shares were voted against such extension. Thereafter defendant caused the amendment thus adopted to be executed by its officers and duly recorded in the office of the secretary of state. Within 20 days of such recording plaintiffs in writing demanded of defendant that the value of such shares be determined according to law. That defendant refuses to recognize any right of plaintiffs to make such demand and refuses to pay therefor. Another cause of action is stated but is not involved on this appeal.

The first question presented is whether the statutory law relating to the renewal or extension of corporate existence at the time of the formation of the corporation confers a property right which vests in the holder of every share of stock thereafter issued by the corporation, so that any change in such statute may be considered an impairment of vested property or contract rights. The statute relating to extension of corporate existence in force when defendant was formed and applicable to corporations of defendant's class, was L. 1901, c. 207, which provided, in substance, that any corporation theretofore or thereafter organized under any law of the state may renew the terms of its corporate existence from time to time for a further term not exceeding at any one time the term originally limited therefor, by a vote of two-thirds of its members or shareholders present and voting at any regular or special meeting called for that purpose. G. S. 1894, § 3400, dealing with the same subject, was repealed, and the act was not to cover corporations formed under title 1 of c. 34, G. S. 1894 (corporations with the right of eminent domain). By R. L. 1905, effective after defendant was formed, there was a change in this law which, with slight subsequent amendments, is 2 Mason Minn. St. 1927, § 7455. The substance of the change was that those voting for the extension would have to purchase at a fair cash value the shares of those who voted against an extension before it could be accomplished. We do not

think such general laws for the renewal of corporate existence, applicable to a large class of corporations, can be regarded as conferring contract rights in property. Such laws are intended to control and operate whenever the time arrives at which a corporation must determine whether it shall wind up its existence or seek extension of its life. And it is but reasonable that the state reserve the power to regulate the manner in which extension of the corporate existence of its own creations may be had. There is much reason and force in what is said on this subject in Smith v. Eastwood Wire Mfg. Co. 58 N. J. Eq. 331, 333, 43 A. 567, 568:

"The period of corporate existence is a matter which *prima facie* concerns the state only, and the limitation to a definite period is an exercise of control in the interest of the public. Stockholders may perhaps, under the laws which authorize special restrictions in charters, exclude the power of continuing corporate existence beyond a fixed period; but, unless this power is excluded, the corporation may, as between itself and the stockholders, extend its corporate existence under the laws for that purpose, which existed at the time of the incorporation (provided these laws still remain in force at the time of the proceedings for continuance) or under subsequent laws, by which the state, as it has a right to do, in its control over corporations, restricts rather than enlarges the power of continuing the existence."

There is no claim that the articles of incorporation affect plaintiff's cause of action. It has been held as to the right of corporations organized under statutes conferring the right of eminent domain that such right is not immune to subsequent legislative modification. In Duluth Terminal Ry. Co. v. City of Duluth, 113 Minn. 459, 469, 130 N. W. 18, 21, the court said:

"Any easement acquired under the power became a property right and is protected; but the power, not exercised, conferred by general law, to acquire specific property by condemnation, was not a property right, nor a matter of contract with the state, but was a matter of general law, and as such subject to modification."

So here, L. 1901, c. 207, and 2 Mason Minn. St. 1927, § 7455, were subject to modification, being general laws. See also Pearsall v. G. N. Ry. Co. 161 U. S. 646, 16 S. Ct. 705, 40 L. ed. 838.

The foregoing conclusion would result in holding L. 1933, c. 300, § 39 (3 Mason Minn. St. 1936 Supp. § 7492-39), valid and applicable, sustaining the cause of action stated in the complaint. But we are also of the view that defendant must be held to have voluntarily subjected itself and its stockholders to said L. 1933, c. 300, and is now under the provisions of that act precisely as if organized thereunder. This Minnesota business corporation act is a comprehensive piece of legislation. The title of the act is:

"An act to provide for the formation and conduct of business corporations; for their merger, consolidation and dissolution; for the powers, rights, duties and liabilities of such corporations, their officers, directors, agents, shareholders and persons dealing with them; providing certain penalties; for the coming under this Act of certain existing corporations; amending Mason's Minnesota Statutes of 1927, Sections 7443, 7447-1, 7455 and 7463; and repealing Mason's Minnesota Statutes of 1927, Section 7435, 7440, 7775 and 7777."

The State Bar Association appointed a committee to promote its adoption. It is undoubtedly largely formulated upon like acts in other states which have been in existence for a sufficient time to demonstrate their worth. The act indicates a plan of the legislature to bring all corporations of the class intended to be covered thereby within its provisions. Only by express action could a corporation formed under previous laws retain its rights and privileges under such laws. Section 61 of the act provides:

"I. This act shall not apply to corporations in existence at the time it takes effect; but every such corporation formed under the laws of Minnesota, if formed for a purpose or purposes for which a corporation might be formed under this Act, may accept and come under this Act, and every such corporation shall be conclusively presumed to have accepted and come under this Act unless, within one year after this Act takes effect, the corporation

shall signify its election not to accept or be bound by the provisions of this Act."

The other subdivisions of § 61 specify the manner of signifying such election. There is no expense connected therewith except a five dollar filing fee to the secretary of state and the recording fee to the register of deeds. It of course appears from the complaint that defendant took no action whatever within one year after the act took effect in respect either to remain outside or to come under it; hence the conclusive presumption prevails, if valid legislation.

It is claimed that defendant was in possession of rights under the statute in force when it organized, and it needs take no action whatever to maintain its possessions, and cases are cited where the owner in possession of land cannot be forced to litigate his title within a certain time or be barred. Hammon v. Hatfield, 192 Minn. 259, 256 N. W. 94, and cases therein referred to. It is enough to say that the business corporation act does not affect or change property rights of the shareholders in the corporations accepting its provisions. Certainly not in respect to the extension of its corporate duration under § 39. Since corporations are the creatures of the state, it needs have reasonable supervision and control over them. The desirability of having uniform laws applying to business corporations of the same class is readily discerned. And, when such laws have taken the form of the present comprehensive act, it seems a very reasonable requirement that the existing corporations signify their choice either to be bound by it or to remain outside its control. The expense and trouble connected with signifying such choice is not at all burdensome. In the workmen's compensation act much more of consequence as between employer and employe was at stake. A provision therein that they were conclusively presumed to have elected to come under part 2 of the act unless notice of election not to come under it was given was held valid. Mathison v. Minneapolis St. Ry. Co. 126 Minn. 286, 291, 148 N. W. 71, 73, L. R. A. 1916D, 412. In the decision attention was called to the fact that "no person has any property right or vested interest in a rule of law, and that the legislature may change such

rules at its pleasure." It is submitted that L. 1901, c. 207, upon which defendant plants its right, was no more than a general rule or law for the extension of corporate existence. We conclude that defendant must be held to have accepted the business corporation act when it permitted more than one year to expire after it became effective without taking any step to signify its nonacceptance.

The next question is the validity of L. 1935, c. 212, § 2, 3 Mason Minn. St. 1936 Supp. § 7492-39 (IV). This adds the following subdivision to § 39 of c. 300, L. 1933:

"IV. This section shall not apply to a proposed amendment extending the duration of a corporation organized prior to the effective date of this Act, which has accepted and come under the provisions of this Act, if the original or last renewed period of duration of such corporation, as the case may be, was for the maximum period of duration permitted such corporation by the statutes under which it was organized or under which it renewed its duration. For the purpose of this section, where the term of such incorporation or renewal is one year or less short of such maximum period, it shall be construed to be for such maximum period."

For reasons already stated, we reject plaintiff's contention that this subd. IV impairs vested rights secured by 2 Mason Minn. St. 1927, § 7455, in effect when the 800 shares of stock involved were issued by defendant. This subd. IV took effect in April, and defendant took no step to secure extension of corporate life until the following August. Had the proceedings for extension been before L. 1935, c. 212, took effect, the claim of impaired property rights might have had merit. However, plaintiff's claim that the subd. IV added to § 7492-39 by the act of 1935 is special or class legislation prohibited by art. 4, § 33, of the state constitution must be sustained. It purports to exclude from the operation of one section of the business corporation act a certain class of corporations which for more than a year had accepted the act and were under its operation. And it made that class to depend upon whether at the time the business corporation act took effect the corporation concerned was one that had originally been organized for the maximum

period allowed by the statute then in force, or had been renewed for the maximum period permitted. Defendant suggests that if in the original articles of incorporation or in the renewal any period of duration or life is fixed at a shorter period than the maximum permitted by law, it is an indication of intention to have the corporate affairs closed up at the end thereof and not to seek a renewal. The reason suggested appears to us fanciful. The statutes in respect to extensions or renewals of corporate existence have always left the same to the wish of the stockholders to be determined at the time when the period of existence was about to expire. It seems to us wholly arbitrary and fanciful to make a distinction between corporations depending upon whether they were organized for the maximum period allowed by law or for two or more years less. Of course the legislature determines for itself the basis of classification, and courts should be slow to interfere. But here, after the pains and effort taken by the legislature to provide a code under which all business corporations could operate and be subject to reasonable control and after they have voluntarily accepted to come under its provision, then, when a subsequent legislature attempts to exclude a certain class of such corporations from one of the many provisions contained in the act, such classification may well be scrutinized as an attempt to confer special privileges not to be shared in by all corporations covered by the act. It is true, the state in this very act by § 60 (§ 7492-60) reserved the right to alter, amend, or repeal any provision of the whole act. But even acts passed under such reserved power must not offend art. 4, § 33, of the constitution. When a classification is made for the purpose of excluding one class from the benefits of some provision of a code applicable to corporations generally, there should be some basis or reason discoverable for the classification. None can be discerned in L. 1935, c. 212, § 2.

The order is affirmed.