*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0146**

Mike Malone,
Respondent,

vs.

Frances S. Bland,
Appellant,

John Doe, et al., Defendants.

**Filed August 24, 2015
Affirmed
Smith, Judge**

Scott County District Court
File No. 70-CV-14-18358

Brian N. Niemczyk, Hellmuth & Johnson, P.L.L.C., Edina, Minnesota (for respondent)

William Bernard Butler, Butler Liberty Law, LLC, Minneapolis, Minnesota (for appellant)

Considered and decided by Peterson, Presiding Judge; Stauber, Judge; and Smith, Judge.

**U N P U B L I S H E D   O P I N I O N**

**SMITH**, Judge

We affirm the district court's grant of summary judgment because appellant's claims are outside the scope of an eviction action and because res judicata barred

appellant from raising title defenses that should have been raised in an earlier quiet-title action.

## FACTS

Appellant Frances Bland and her husband purchased their home in 1997. In 2004, the Blands granted a mortgage on the property to IndyMac Bank, F.S.B. which was later assigned to Deutsche Bank National Trust Company (DBNTC).

After Bland defaulted on the mortgage debt, DBNTC initiated foreclosure proceedings against the property. DBNTC purchased the property at a sheriff's sale in 2012 and filed an action to evict Bland in 2013. Bland meanwhile filed a quiet-title action to challenge the foreclosure. DBNTC removed the quiet-title action to federal district court, which dismissed it with prejudice in August 2013. *Bland v. Deutsche Bank Nat'l Trust Co.*, No. 13-758 (DWF/JJG), (D. Minn. Aug. 26, 2013), *aff'd*, 560 Fed. App'x 636 (8th Cir. 2014).

After the quiet-title action's dismissal, the district court ordered a writ of recovery for DBNTC in the eviction action. Bland appealed the decision, and we affirmed. *Deutsche Bank Nat'l Trust Co. v. Bland*, No. A13-1964, (Minn. App. Apr. 21, 2014). Bland then filed for bankruptcy, which stayed enforcement of the eviction, but the bankruptcy action was also dismissed, lifting the stay.

On October 14, 2014, respondent Mike Malone purchased the property from DBNTC at an online auction. Malone then initiated eviction proceedings against Bland, who remained in possession of the property despite the earlier eviction action. The district court granted Malone's motion for summary judgment. It reasoned that there was

"an unbroken chain of record title" showing that Malone purchased the property after a proper foreclosure. The district court determined that the sale entitled Malone to possession, and that res judicata barred Bland from raising title defenses in the eviction proceeding because Malone was in privity to DBNTC, the defendant in the quiet-title action.

**D E C I S I O N**

**I.**

Bland first argues that Malone has no right to possess the property because New York trust law rendered the assignment of the mortgage to DBNTC void, and the quit claim deed transferring the property to Malone is also void. But arguments attacking title are outside the summary nature of an eviction. *Amresco Residential Mortg. Corp. v. Stange*, 631 N.W.2d 444, 445-46 (Minn. App. 2001). An eviction proceeding does not adjudicate the parties' legal right of ownership, nor does it bar actions challenging the title outside the eviction proceeding. *Fed. Home Loan Mortg. Corp. v. Mitchell*, 862 N.W.2d 67, 71 (Minn. App. 2015), *review denied* (Minn. June 30, 2015).

Bland next argues that Malone was not entitled to summary judgment. We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the nonmoving party. *Valspar Refinish, Inc. v. Gaylord's, Inc.*, 764 N.W.2d 359, 364 (Minn. 2009). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that either party is entitled to a judgement as a matter of law." Minn. R. Civ. P. 56.03.

3

To prevail in an eviction claim involving a mortgage foreclosure, a plaintiff must prove that: (1) a foreclosure of the mortgage on the property occurred; (2) the plaintiff is entitled to possession of the property; (3) the time for redemption expired; and (4) the defendant is holding over the property. *See* Minn. Stat. § 504B.285, subd. 1(a)(1) (2014).

Bland does not dispute that a foreclosure occurred, that the redemption period expired, or that she is holding over the property. Bland only argues that the sheriff's certificate was void and that Malone therefore obtained no right of possession via the quit-claim deed. However, a sheriff's certificate is prima facie evidence that a valid sheriff's sale occurred. Minn. Stat. § 580.19 (2014). Bland cites *Nelson v. Johnson*, 167 Minn. 430, 209 N.W. 320 (1926) and *Casey v. McIntyre*, 45 Minn. 526, 48 N.W. 402 (1891) to argue that she has rebutted the prima facie evidence by demonstrating defects in the sheriff's sale. However, neither case applies to the circumstances here because Bland has not argued that there was no default or that she didn't receive proper notice of the foreclosure or sheriff's sale. *See Mitchell*, 862 N.W.2d at 71 (rejecting an identical argument) (citing *Casey*, 45 Minn. at 529-30, 48 N.W. at 403; *Nelson*, 167 Minn. at 435, 209 N.W. at 322). Because all of the statutory requirements were met, Malone was entitled to summary judgment.

## II.

Bland also argues that the district court improperly applied res judicata to bar Bland's claims when Malone was not a party to or in privity with a party to the quiet-title action. The district court held that "[a]ny alleged title defenses in this eviction action should have been addressed in the quiet[-]title action" in federal court.

4

A claim is barred by the doctrine of res judicata when

> (1) litigation on a prior claim involved the same cause of action, (2) there was a judgment on the merits, (3) the claim involved the same parties or their privies, and (4) the party against whom res judicata is applied has had a full and fair opportunity to litigate the matter in the prior proceeding.

*Schober v. Comm'r of Revenue*, 853 N.W.2d 102, 111 (Minn. 2013).  The doctrine applies to both litigated claims and those which could have been litigated.  *Brown-Wilbert, Inc. v. Copeland Buhl & Co.*, 732 N.W.2d 209, 220 (Minn. 2007).  We review de novo the district court's application of res judicata.  *Id.*

Bland challenges only whether Malone is in privity with DBNTC, the defendant in the quiet-title action.  "In general, privity involves a person so identified in interest with another that he represents the same legal right."  *State v. Joseph*, 636 N.W.2d 322, 327 n.2 (Minn. 2001).  Here, Malone and DBNTC represent the same legal right because Malone acquired the property from DBNTC along with its right of possession as the titleholder after commencement of Bland's quiet-title action.  *See Twin City Fed. Sav. & Loan Ass'n v. Radio Serv. Labs., Inc.*, 242 Minn. 10, 11, 64 N.W.2d 32, 33 (1954) (grantee of lessor after commencement of action held to be privy of lessor, so judgment reforming lease was res judicata as to lessee).  Therefore, the district court did not err in applying res judicata to bar Bland's claims.

**Affirmed.**

5