JOHN W. HUGHES *et al.* v. FRANK DUREIN *et al.*

NO. 392.

1. PLEADING—*Reply—New Matter—Review on Appeal.* When a defendant, in an action brought by the plaintiff to foreclose a mortgage, sets up in his answer a note and mortgage executed by a codefendant, upon which judgment is asked, the reply thereto filed by such codefendant is the final pleading of facts required by the code, and any allegation of new matter contained in such reply is deemed to be controverted without any direct denial.

2. CONCLUSIVE DECISION *as to Facts.* The decision of the district court as to the facts, which is based upon conflicting evidence, will be accepted as conclusive in this court.

MEMORANDUM.—Error from Shawnee district court; JOHN GUTHRIE, judge. Action by Frank Durein against John W. Hughes, John W. Hall, Henrietta Hall and others on a note and mortgage. Judgment for plaintiff, and John W. Hall and Henrietta Hall bring the case to this court. Affirmed. The opinion herein, filed April 1, 1896, states the material facts.

*H. C. Root,* for plaintiffs in error.

*A. Bergen,* for defendant in error Board of Trustees of Oberlin College.

The opinion of the court was delivered by

GARVER, J. : The plaintiffs in error, John W. Hall and Henrietta Hall, were defendants in the court below in an action brought by Frank Durein against John W. Hughes and others on a note and mortgage. Judgment therein was rendered in favor of Durein for the amount of his note, and decreeing the same to be a first lien on the mortgaged premises. The judgment ordered, after the payment of the costs and the amount due the plaintiff, that the balance should be brought into court to abide its further order. No sale

of the premises having been made, Oberlin College, on June 26, 1890, upon its application, was made a party defendant in said action, and filed an answer setting up a second mortgage, executed by Hall and wife on the same premises. To this answer the Halls replied, among other matters alleging that the mortgage held by Oberlin College was barred and extinguished by the judgment theretofore rendered in the case; and, further, that said college, through its agent, one Castle, at the time said mortgage for $1,000 was executed, retained a sufficient amount from said sum to pay and discharge the Durein mortgage, and that it had since paid and taken an assignment of said Durein judgment. On a trial had by the court without a jury, judgment was rendered in favor of Oberlin College for $1,000 and interest, and the same was adjudged to be a lien upon the mortgaged premises, subject to the prior lien of the Durein judgment.

There is little left for our consideration, all the controverted facts having been settled by the trial court. On the issues raised by the answer of Oberlin College and the reply thereto filed by the Halls, the court, upon sufficient evidence, found against the latter. The judgment rendered in favor of Durein December 14, 1888, did not attempt to bar any subsequent mortgagee, or lien claimant, of any interest in the premises, except after sale. Either before the sale, or after it, and before distribution of the proceeds, it was proper for any one claiming to be entitled to the proceeds of the sale left after the payment of the prior lien to intervene in the case, and have his rights determined. The fact that C. W. Lane was named as mortgagee in the mortgage held by Oberlin College, and that he may have been a mere nominal party thereto — the

real party in interest from the beginning being Oberlin College — and that Lane was named as a defendant in the original action, does not alter the case.   At the time the action was commenced he was not the real party in interest, and nothing was done in the case, prior to the appearance of Oberlin College as a party, which can be construed as having any prejudicial effect upon its rights.

The question of the agency of Castle, and his authority to bind Oberlin College by any agreement he might make in connection with the loan of this $1,000 to Hall, was determined against the contention of the plaintiffs in error.   It is urged in this court that Castle's agency, being alleged in the reply filed by the Halls to the answer of Oberlin College, and not being denied, was admitted.   No such question seems to have been raised in the court below, and the case was tried upon the theory that the matter of agency was in issue, evidence being introduced by both parties with reference thereto.   No further pleadings, however, were necessary.   The allegations of new matter contained in the reply filed by the Halls must be deemed to have been controverted by the adverse party without any direct denial.   (*Continental Ins. Co. v. Pearce*, 39 Kan. 396.)   The only pleading of facts which the code recognizes from a defendant is the answer.   Even though that may be what is sometimes called a "cross-petition," it is not so known in the code, and the pleading thereto is the reply, which is the final pleading of facts required.

It is contended by plaintiffs in error that Castle, as agent for Oberlin College, made the loan of $1,000 to Hall with the understanding and agreement that it should be a first lien upon the premises ; that of that sum Castle was to, and did, retain sufficient to pay

5—KAN. APP.

and discharge the note and mortgage in favor of Durein; that, after the rendition of the judgment on such note and mortgage, Oberlin College paid to Durein the amount thereof, taking an assignment to itself of the judgment, instead of entering satisfaction thereof as it should have done. Unfortunately for the plaintiffs in error, the facts, as found by the court, are against them. It must now be taken as true that Castle was not authorized, as the agent of Oberlin College, to make any such agreement with Hall as that alleged; or if he was, then, as the evidence tends to show, that the money for the payment of the Durein mortgage was left in Castle's hands pursuant to a special agreement between him and Hall that he should hold it for that purpose, being answerable to Hall for interest thereon until such time as the Durein note and mortgage could be obtained and paid. Castle seems not to have fulfilled his part of this arrangement. But that is a matter entirely between him and Hall, and can create no liability as against one not a party to the agreement. The college certainly had a right to take an assignment of the Durein judgment for the purpose of protecting its subsequent lien. The district court rendered judgment against Hall for the amount due on the note held by Oberlin College, and adjudged the same to be a lien upon the mortgaged premises, subject to the Durein judgment. In this we find no error.

The judgment is affirmed.

All the Judges concurring.