GILCHRIST, RESPONDENT, v. HORE ET AL., DEFENDANTS.  E.
    MEYER, APPELLANT.

(No. 2,290.)

(Submitted October 8, 1906.  Decided October 29, 1906.)

*Attorney's   Lien—Foreclosure—Pleading   and   Practice—Evidence—Exclusion—Statutes.*

Attorney's Lien—Foreclosure—Prior Mortgage—Tender—Complaint.

1.   The complaint in a suit to foreclose an attorney's lien on property upon which a prior mortgage was outstanding need not allege that tender of payment of the mortgage lien had been made to the mortgagee, since such tender is not a condition precedent to the bringing of a suit in foreclosure of the attorney's lien.

Same—Pleading and Practice—Evidence—Exclusion.

2.   In an action by an attorney to foreclose an attorney's lien which he had acquired on certain lands, one of the defendants answered, affirmatively setting forth that she · had a prior mortgage on the premises and asking that it be foreclosed.  Plaintiff filed a reply alleging that defendant had had the use of the property and had received rents and profits from it to the amount of $1,000.  On the trial the answering defendant offered proof that she had only received $450 in rents.  Plaintiff objected on the ground that defendant's pleading was a cross-complaint, and that his reply was an answer which required a reply, and that by her failure to file such reply the receipt by her of $1,000 in rents had been admitted.  *Held*, that the only pleading of facts permitted under the Code on the part of defendant being an answer, on the part of plaintiff thereafter  a reply, any new matter in which is deemed denied, the court erred in excluding the offered testimony.

Counterclaim—Pleading—Statutes.

3.   *Held*, that section 981 of the Code of Civil Procedure, providing that where ·a defendant interposes a counterclaim and demands affirmative relief against the plaintiff, his right to the relief is the same as in an action against the plaintiff directly, ·and that the defendant shall be deemed plaintiff and the plaintiff the defendant, is applicable only to Title VII, which has to do with provisional remedies in civil actions and not with questions of pleading, controlled by Title VI of that Code.

*Appeal from District Court, Silver Bow County;  Geo. M. Bourquin, Judge.*

ACTION by M. P. Gilchrist against Jeremiah Hore and others. From a judgment in favor of plaintiff, defendant Elizabeth C. Meyer appeals.  Remanded.

*Messrs. Maury & Hogevoll,* for Appellant.

*Mr. William D. Kyle,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

M. P. Gilchrist commenced this action against Jeremiah Hore to foreclose an attorney's lien upon lot 10, block 6, Barnard's addition to Butte, and made Elizabeth C. Meyer a party defendant, alleging in his complaint that she had or claimed some interest in the property. The defendant Hore defaulted. The defendant Meyer filed a demurrer, which was overruled. She then answered, admitting the allegations of the complaint, and affirmatively set forth that she had a mortgage upon the property sought to be sold for $1,785.13 and $316 accrued interest; that she had paid out for taxes and repairs upon the property $347.80; that $250 was a reasonable attorney's fee to be allowed her in foreclosing her mortgage, and that the lien of her mortgage was prior and superior to any claim of the plaintiff. She asked that her mortgage be foreclosed. The plaintiff filed a reply in which he disputed some of the items claimed by her. He further alleged that defendant Meyer had received rents and profits from the property amounting to $1,000, and had had the use of certain portions of the property herself, and that such use was reasonably worth $400. The reply admits that the lien of the defendant Meyer is prior and superior to the lien of plaintiff.

The cause was tried to the court without a jury. The court found that the defendant Meyer had been in possession of the property in controversy from October 20, 1903, to July 28, 1905, and that during that time she had received in rents from the property $1,000. The court found that the balance due her, including attorney's fee for foreclosing her mortgage, was $1,616.06. A decree was rendered and entered, adjudging defendant Meyer's lien superior to plaintiff's, directing the sale of the property, and the proper application of the proceeds.

From this decree, the defendant Meyer appealed. The evidence is presented in a bill of exceptions.

The errors specified are (1) that the court erred in excluding from consideration all testimony offered tending to show the amount defendant Meyer had actually received in rents from the property from October 20, 1903, to July 28, 1905; (2) the court erred in rendering a decree in favor of the plaintiff, for the reason that the complaint does not state facts sufficient to constitute a cause of action. The third and fourth specification each raises the same question as the first, and the fifth the same as the second.

1. Does the complaint state a cause of action? The complaint is in the usual form in foreclosure. But counsel for appellant contend that it is insufficient, in that it fails to state that any tender had been made to appellant of the amount due her on her prior mortgage. It is entirely immaterial that plaintiff's lien had its inception in services rendered in an action by Hore against Meyer (formerly Whitney) to have a certain instrument, on its face a deed, declared to be a mortgage. An attorney's lien is given by statute. (Code Civ. Proc., sec. 430.) Gilchrist was not in any sense a successor in interest of Hore. He merely acquired a lien upon Hore's property upon which Meyer had a prior mortgage lien. The situation was not different at all from what it would have been had Hore given Gilchrist a second mortgage upon the property to secure the payment of his attorney's fee. In commencing an action to foreclose such a second mortgage, it could hardly be contended that Gilchrist would have been compelled to pay or tender payment of the amount of the first mortgage as a condition precedent to foreclosing his second mortgage. There is not anything in this contention.

2. In his reply the plaintiff alleged that the defendant Meyer had received $1,000 in rents from the property from October 20, 1903, to July 28, 1905. When the defendant Meyer offered evidence tending to show that she had received only about $450, objection was made by plaintiff that, by failure to reply to his

reply, defendant Meyer had admitted that she had received the
sum of $1,000 as alleged in the reply. The court admitted the
evidence subject to the objection, with the statement that, if it
decided that a reply on the part of the defendant Meyer was
necessary, the evidence offered by her would not be considered.
There is not anything in the record in terms which discloses what
the court's final ruling upon the matter was, but from the fact
that the court found that defendant Meyer had received in rents
the full sum of $1,000, as alleged in plaintiff's reply,—a finding
not supported by the evidence at all,—it becomes apparent that
in fact the court did hold that the allegation in plaintiff's
reply was admitted, and that the evidence tending to show the
exact amount received had been excluded from final consider-
ation.

The position of plaintiff in the trial court was that the plead-
ing by which defendant Meyer set forth her claim for the fore-
closure of her mortgage was in fact a cross-complaint, and that
plaintiff's pleading putting in issue certain allegations therein
and setting up affirmative matter was in fact an answer which
required from the defendant Meyer a reply, or, in the absence
of such a reply, the affirmative allegations were admitted. But
this position is not maintainable at all. "The Code establishes
the law of this state respecting the subjects to which it relates."
(Code Civ. Proc., sec. 3453.) Section 661 of the same Code pro-
vides: "The forms of pleading in civil actions, and the rules
by which the sufficiency of the pleadings are to be determined,
are those prescribed in this Code." Section 662 provides: "The
only pleadings allowed on the part of the plaintiff are: (1) The
complaint. (2) The demurrer to the answer. (3) The reply
to defendant's answer. And on the part of the defendant: (1)
The demurrer to the complaint. (2) The answer. (3) The de-
murrer to reply."

The only pleading of facts on the part of the defendant,
then, is the answer, and this is so irrespective of whether the
action is one at law or in equity, for there is now but one form
of civil action known to our law. (Section 460.) The answer

may consist of (1) denials, and (2) statements of new matter. The new matter may constitute a defense or a counterclaim. (Section 690.) When a cause is tried, judgment may be given which determines the ultimate rights of the parties on each side as between themselves. (Section 1001.) And this being so, and an answer being the only pleading of facts permitted on the part of a defendant, it must be apparent that a cross-bill or cross-complaint is not known to our practice, but that an answer under our Code affords a defendant every opportunity for relief which a cross-bill or cross-complaint could have secured to him. No matter, then, what form the answer assumes, it is nevertheless an answer, and the only pleading of facts on the part of the plaintiff thereafter is a reply. In such reply the plaintiff may allege any new matter, not inconsistent with the complaint, constituting a defense to the counterclaim or new matter in the answer. (Laws 1905, Chapter V, p. 8.) But every allegation of new matter in a reply is deemed denied. (Code Civ. Proc., sec. 754.)

And in this case no matter what the defendant Meyer may have called that portion of her pleading in which she sought foreclosure of her mortgage, it was in fact a part of her answer, and the pleading of fact thereafter filed by the plaintiff, no matter by what term designated, was in fact a reply, and every allegation of new matter in it was deemed denied. It was the last pleading of facts authorized by our Code. These conclusions appear plain upon principle from the language of the Code itself. They do, however, find support in the decisions of other courts treating similar Code provisions. (*Kollock* v. *Scribner*, 98 Wis. 104, 73 N. W. 776; *Hughes* v. *Durein,* 3 Kan. App. 63, 44 Pac. 434.)

Counsel for respondent refers to section 981 of the Code of Civil Procedure, and suggests that it may modify section 662 above. But the provisions of section 981 are by express terms applicable only to Title VII of that Code, and that title has to do with provisional remedies in civil actions, and not questions of pleading, which are controlled by Title VI of the same Code.

It is apparent from finding No. 5 that the trial court refused to consider the evidence offered by the defendant Meyer to show the amount of rents received by her from the property, but must have held that the allegation in plaintiff's reply that the amount was $1000 was admitted. In this the court erred.

The cause is remanded to the district court, with directions to hear proof and determine the amount of rents received by the defendant Meyer from the property, and to make such modification in the decree as may be justified by the finding upon the matter so considered.

*Remanded.*

MR. CHIEF JUSTICE BRANTLY, and MR. JUSTICE MILBURN concur.