TOOLE, Receiver, Plaintiff, v. WEIRICK et al., Defend-
ants; MYERS, Appellant; GILCHRIST, Respondent.

(No. 2,682.)

(Submitted June 15, 1909.  Decided June 28, 1909.)

[102 Pac. 590.]

*Mortgages—Redemption—Tender—Waste—Interest—Account-
ing—Use and Occupation—Rents—Liability of Mortgagee—
Briefs—Specifications of Error—Review.*

Mortgages—Deeds Absolute—Redemption—Tender.
  1.  Where a deed, absolute on its face, had been declared a mortgage,
  and the amount due was unliquidated and uncertain, the debtor in a
  subsequent suit to redeem was not required to plead a tender.

Same—Waste—Liability of Mortgagee.
  2.  A mortgagee of real property is chargeable for waste committed by
  him on the premises while in his possession, including the permanent
  depreciation in the property caused by his failure to make necessary or
  proper repairs, or resulting from the reckless or improvident manage-
  ment of it by himself or his tenant.

Appeal and Error—Specifications—Briefs—Review.
  3.  Error pointed out in appellant's brief but not based upon any
  specification of error will not be considered on appeal.

Trial by Court—Decision—Time of Rendition—Directory Statute.
  4.  Section 6763, Revised Codes, providing that upon a trial of a ques-
  tion of fact by the court, its decision or findings must be filed within
  twenty days after submission of the case, is directory only, and its
  failure to render a decision within the time limited does not deprive
  it of jurisdiction to decide at a later date.

Mortgages—Redemption—Interest Allowable.
  5.  After decree in a foreclosure suit the mortgage debt became merged
  in the judgment, and in a subsequent action, looking to the redemp-
  tion of the property, interest was properly allowed at eight per cent
  per annum.   (Revised Codes, sec. 5214.)

Same—Redemption—Accounting—Use and Occupation—Rents.
  6.  While a mortgagee who personally retains possession of the mort-
  gaged premises, or who, when not in actual possession, does not exer-
  cise reasonable care in selecting an agent to look after it, or whose
  agent fails in this respect, is chargeable on redemption with the rea-
  sonable value of the use and occupation thereof, to the amount of its
  fair rental value for the period, he is chargeable only with rents actu-
  ally received where he depends on the interposition of an agent in the
  selection of whom reasonable care was exercised and who likewise
  exercised such care to keep the property rented at a fair rental.

*Appeal from District Court, Silver Bow County; Geo. M.
Bourquin, Judge.*

SUIT by George Toole, receiver, against E. B. Weirick, Elizabeth C. Myers, and others to quiet title to land. From the decree rendered, Elizabeth C. Myers appeals. Modified and remanded.

*Messrs. Breen & Hogevoll,* and *Mr. N. A. Rotering,* for Appellant.

There was no offer on the part of Gilchrist to do anything, and that is one of the prerequisites for persons coming into court, demanding that a deed, absolute on its face, be decreed to be a mortgage; they must be willing to do equity. (*Mack* v. *Hill,* 28 Mont. 100, 72 Pac. 307; *Cowing* v. *Rogers,* 34 Cal. 648.) A plea of tender, to be good, must show that the sum tendered was sufficient to discharge the debt. (*Bailey* v. *Troxell,* 43 Ind. 432.) To entitle a pledgor to return the pledges, his tender must consist of both principal and interest. (*Woodworth* v. *Morris,* 56 Barb. (N. Y.) 97.) A tender which does not include the interest is insufficient. (*McClenden* v. *West,* 20 S. C. 514.) Such a tender must be an actual tender and not a mere offer. (*Babcock* v. *Perry,* 8 Wis. 277.) A tender is not a legal tender if it offers to pay a certain amount and interest less certain damages. (*State* v. *Case,* 14 Mont. 520, 533, 37 Pac. 95.) The tender must be a continuing one, and a plea of tender without alleging that the pleader is always ready and willing to tender the same is not sufficient. (*Caruther* v. *Williams,* 21 Fla. 485.)

The court erred in not fixing a definite time within which the property should be redeemed. (*Taylor* v. *Dillenberg,* 168 Ill. 235, 48 N. E. 41, 43; 27 Cyc. 1862, 1854; *Burgess* v. *Ruggles,* 146 Ill. 506, 34 N. E. 1036; *Pitman* v. *Thornton,* 66 Me. 469; *Goodenow* v. *Curtis,* 33 Mich. 505; *Hollingsworth* v. *Campbell,* 28 Minn. 18, 8 N. W. 873; *Hazard* v. *Robinson,* 15 R. I. 226, 2 Atl. 433; *Winchester* v. *Paine,* 11 Ves. Jr. 194, 8 Rev. Rep. 131.)

Section 6838, Revised Codes, provides that interest on redemption is one per cent per month; such a statute controls the rate of interest. (*Evans* v. *Rhode Island Hospital Trust Co.,* 67 Minn. 160, 69 N. W. 715; *Clark* v. *Finlon,* 90 Ill. 245, 248.)

*Mr. W. D. Kyle,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On September 3, 1898, Jeremiah Hore executed and delivered to Elizabeth C. Whitney (now Elizabeth C. Myers) a conveyance in form a deed, by which he transferred to her lot 10, block 6, of Bernard's addition to Butte.  Thereafter an action was commenced by Hore against Whitney to have the deed declared to be a mortgage.  Upon the trial of that case special interrogatories were submitted and answered, and these findings adopted. The court decreed the deed to be a mortgage, and found that the net indebtedness from Hore to Whitney, secured by the mortgage, was $1,785.13.  This decree was entered on October 20, 1903, but for some reason Hore did not tender the money or receive the deed back for the property.  Some time thereafter M. P. Gilchrist commenced an action to foreclose an attorney's lien upon lot 10.  He made Elizabeth C. Myers a party defendant, and she filed an equitable counterclaim for the foreclosure of the mortgage mentioned in *Hore* v. *Whitney.*  Upon the trial of that cause, the court found that there was then (December 20, 1905) due to Mrs. Myers the sum of $1,616.06 after charging her with certain rent, which amount was declared to be a lien upon lot 10, superior to the lien of Gilchrist.  A decree of foreclosure was duly made and entered, which directed the sale of the property and the proper application of the proceeds. From that decree Mrs. Myers appealed to this court, with the result that the cause was remanded to the district court with directions to proceed to determine the amount of rent with which Mrs. Myers was properly chargeable.  (*Gilchrist* v. *Hore,* 34 Mont. 443, 87 Pac. 443.)  Pursuant to the directions of this court, the district court heard evidence, and thereafter modified the decree of December 20, 1905, to read that the amount then due Mrs. Myers was $2,357.76.  For some reason not apparent, there was not anything further done.  A sale under the decree was not made, but Mrs. Myers continued in possession of

the property. In the meantime Hore gave a deed to Gilchrist, by which he conveyed whatsoever interest he had in lot 10 to Gilchrist. In 1907 George Toole, as receiver of the estate of William B. Jenkins, a bankrupt, brought this present suit to quiet title, alleging that Jenkins' estate owned lot 10. Mrs. Myers, Gilchrist, and others were made defendants. By an equitable counterclaim, Gilchrist set forth the former proceedings, and asked that he be permitted to redeem lot 10, alleging that the reasonable value of the use and occupation of the property by Mrs. Myers from December 20, 1905, was $2,200, and that she had committed waste on the property to the extent of $500. In an answer to this counterclaim, Mrs. Myers denied many of the allegations made by Gilchrist, and alleged affirmatively that there was then due her upon her mortgage the sum of $2,681. The cause was tried in October, 1907, and taken under advisement by the court, which thereafter, in June, 1908, made its findings of fact and conclusions of law and ordered a decree, which was entered. The court accepted the statement in the decree of December 20, 1905, as amended, for the amount then due Mrs. Myers, but erroneously stated the amount to be $2,351.76 instead of $2,357.76, computed interest thereon at the rate of eight per cent per annum to the date of the decree, gave Mrs. Myers credit for taxes paid, in all amounting to $2,890.29, and then charged her with the reasonable value of the use and occupation of the property from January 9, 1906, to the date of the decree, at the rate of $65 per month, amounting to $1,917.50, and also charged her with $100 for waste committed on the property, leaving the net amount due her upon her mortgage, $976.98, and provided in the decree for a redemption of the property by Gilchrist upon his paying to Mrs. Myers that amount. From this judgment and an order denying her a new trial Mrs. Myers appealed.

We have encountered great difficulty in attempting to determine just what matters are urged upon us for determination. Many questions are propounded in the brief of counsel for appellant, but some of these at least are not raised by the specifications of error, and some of the specifications assigned are not

argued, or, if argued at all, are considered with others in such manner as to destroy their identity. We have endeavored to consider all questions which appear to us to be properly before us.

1. Some of the questions suggested by counsel have been set at rest by the former proceeding. For instance, the ownership of this property is not open to further inquiry. That question was determined in *Hore* v. *Whitney.* It was there decided that Hore owned the property and that Mrs. Whitney (now Mrs. Myers) had only a mortgage upon it, and that judgment is conclusive upon the question of ownership.

2. While there are some cases holding that in a bill to redeem it is necessary to allege a tender, this is not the general rule. It is generally held sufficient that the bill discloses a readiness and intention to pay the amount found due. This is the effect of the decision in *Mack* v. *Hill,* 28 Mont. 99, 72 Pac. 307, and is the rule announced in 17 Ency. of Pl. & Pr. 965, and 8 Current Law, 1042. The function of a suit to redeem is to adjust the equities of the parties (8 Current Law, 1041) ; and, where a deed absolute on its face is decreed to be a mortgage, some kind of an accounting is usually necessary, and, because of this fact, it is generally impossible for the party seeking to redeem to make a tender, since the amount due is unliquidated and uncertain. This is true of the suit before us. If Gilchrist had assumed to make a tender, he would have been altogether uncertain as to the amount to be tendered. The rule is well stated in 27 Cyc. 1855, as follows: "Where the bill for redemption is framed on the theory that the mortgage debt or some portion of it is still due, it must contain a tender or offer to pay the sum so admitted. If the amount due is unliquidated or disputed, it is sufficient to offer to pay such sum as the court shall find or determine to be justly due, or whatever sum may be found to be due upon taking and stating the account between the parties; and no such offer is necessary where plaintiff alleges that defendant has been already overpaid out of the proceeds of the property."

3. It is contended that the court was in error in charging Mrs. Myers with waste; but we think the court's holding correct. It is a general rule that "a mortgagee is chargeable for waste committed by him on the premises while in his possession, including the permanent depreciation in the property caused by the failure to make necessary or proper repairs, or resulting from the reckless or improvident management of the property by himself or his tenant." (27 Cyc. 1838.)

4. Complaint is made in the brief that there wås not any allowance made to Mrs. Myers for repairs, improvements, insurance, or for her services in caring for the property. But our attention is not directed to any evidence upon these matters which was excluded, or any offer of proof which was refused. Of course, if the court excluded the evidence, it could not find upon these questions. But there are not any specifications of error directed to the refusal of the court to hear testimony upon any of those questions. If any errors were committed with respect to any or all of these matters, it was the duty of counsel to point out such errors to this court; for it is not the duty of this court to search the record for errors. We commence our investigation of every appeal with the presumption that the trial court did not err.

5. Section 6763, Revised Codes, provides: "Upon a trial of a question of fact by the court, its decision or findings must be given in writing and filed with the clerk within twenty days after the case is submitted for decision." This cause was submitted to the court in October, 1907, but the decision of the court was not rendered until June following. It is earnestly contended that the equitable counterclaim of defendant Gilchrist should have been dismissed because of the failure of the trial court to observe the provisions of the section quoted above; but this would be a manifest injustice. The litigant is not responsible for the failure of the court to perform its duty. If Mrs. Myers had desired action upon the matter at an earlier date, this court was open to her to apply for a writ of mandate to compel the district court to decide the case. California and Utah each has a statute similar to our section 6763 above, and

in each state it has been held that the statute is directory, and the failure of the court to render its decision within the time limited does not deprive the court of jurisdiction to decide it at a later date (*McLennan* v. *Bank*, 87 Cal. 569, 25 Pac. 760; *Lynch* v. *Coviglio*, 17 Utah, 106, 53 Pac. 983), and we think this conclusion correct.

6. It is suggested in the brief of counsel for appellant that the court did not compute interest upon Mrs. Myers' debt at the correct rate; but, when the judgment of December 20, 1905, was rendered, her debt was merged in the judgment, and the judgment draws interest at the rate of eight per cent per annum (section 5214, Revised Codes), and this appears to have been the rate considered by the court.

7. It is a rule of well-nigh universal recognition that, "on redemption from a mortgage under which the mortgagee has acquired and retained possession, he must account and give credit for the rents and profits of the premises during the period of his occupation, and it is immaterial whether he holds under a formal mortgage or under a deed absolute in form but intended as a security." (27 Cyc. 1878.) But the extent to which this rule is to be carried is involved in some obscurity. However, after a somewhat extended review of the authorities, we think the doctrine most harmonious with reason and equity is that: "If the mortgagee personally retains possession of the mortgaged premises, he will be chargeable on his accounting with the reasonable value of the use and occupation thereof, amounting to the fair rental value of the premises for the period." (27 Cyc. 1841.) This same rule applies if a mortgagee, though himself not actually in possession, does not keep an accurate account of the rents received and is guilty of such misconduct as to make a resort to this rule equitable, or if such mortgagee has not exercised reasonable care in selecting an agent to look after the property, or if, having exercised due care in selecting an agent, the agent does not exercise reasonable care to keep the property rented. But, on the other hand, if the mortgagee by reason of his absence or other excuse is not personally in possession of the property, but depends upon the interposition of an agent, and

if in selecting such agent the mortgagee exercises due care, and if then such agent further exercising reasonable care to keep the property rented at a fair rental, then the mortgagee will be chargeable with rents actually received, and not with the value of the use and occupation of the property. These rules seem to have the support of the authorities. (2 Jones on Mortgages, 6th ed., sec. 1122; 27 Cyc. 1841; *Moshier* v. *Norton,* 100 Ill. 63; *Gerrish* v. *Black,* 104 Mass. 400; *Montague* v. *Boston etc. R. Co.,* 124 Mass. 242.)

This record discloses that Mrs. Myers lives in California, and also employed an agent in Butte to look after this property. The evidence does not disclose that her occupancy of the property was wrongful, so as to bring her within the operation of the rule announced in section 6069, Revised Codes. However, in computing the amount of rent with which Mrs. Myers was chargeable, the trial court adopted the rule of the value of the use and occupation of the property, and that, too, without regard to the care exercised by Mrs. Myers in having the property managed. In this we think the court erred.

A new trial of all of the issues does not seem to be necessary, and the motion for a new trial will be denied. The cause is remanded to the district court, with direction to determine the amount of rent with which Mrs. Myers is properly chargeable, according to the views herein expressed, to compute the interest upon $2,357.76, instead of $2,351.76, and to further modify the decree by limiting the time within which the respondent Gilchrist shall effect a redemption, and the time ought not to exceed ninety days from the time the decree is finally entered as modified. When the court has finally determined the amount of rent with which Mrs. Myers is properly chargeable, it will then modify the judgment according to the suggestions here made. Remanded for further proceedings.

*Remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.

Rehearing denied, October 22, 1909.