CRAIG, RESPONDENT, *v.* BURNS, SHERIFF, ET AL., APPELLANTS.

(No. 4,966.)

(Submitted January 3, 1923. Decided February 22, 1923.)

[212 Pac. 856.]

*Conversion — Complaint — Ownership — Possession — Sufficiency—Real Property—Mortgage Foreclosure—Waiver of Deficiency—What Does not Constitute.*

Conversion—Damages Fixed as of Date of Conversion.

1. In an action in conversion the plaintiff's right to damages is fixed as of the date of the conversion, and not as of the date on which his complaint was filed.

Same—Complaint—Ownership—Possession—Sufficiency.

2. An allegation that plaintiff at the time his property was seized was the owner, in possession and entitled to the possession of it is sufficient to support his action in conversion, but where he in addition sets forth the facts disclosing his claim of title or interest, the sufficiency of the complaint, if attacked, must be tested by the latter allegations.

Same—Mortgages—Real Property—Possession of Severed Crop—Right to Maintain Possession Until Debt Paid.

3. A mortgagee of land to whom the mortgagors gave possession thereof as well as of grain grown thereon and severed from the soil was entitled to retain possession until his debt was paid in full, and his interest in the grain at the time it was seized by the sheriff under execution in an action against the mortgagors was sufficient to enable him to maintain an action for its conversion.

Same—Mortgages—Foreclosure—Waiver of Claim upon Crop—Inapplicability of Statute.

4. *Held,* that plaintiff by commencing an action to foreclose his mortgage upon land did not waive his claim upon wheat grown thereon, possession of which had been turned over to him by the mortgagors, but which was not covered by mortgage, the restriction found in section 9467, Revised Codes of 1921, not including personal or collateral security not falling fairly within the meaning of the term "mortgage."

Same—Foreclosure of Mortgage—Nonresident Mortgagor—Constructive Service—Deficiency—Action to Recover.

5. Where a mortgage on real property is foreclosed and the property does not sell for sufficient to satisfy the debt, the fact that a deficiency judgment could not be entered up against the nonresident mortgagors, service of summons upon whom was had by publication, did not have the effect of discharging the debt, but in such case the unpaid portion affords ground for a separate action to recover it.

---

1. Necessity that complaint in action of trover allege time of conversion, see note in **Ann. Cas.** 1913A, 879.

[65 Mont. 550.]

*Appeal from District Court, Cascade County; H. H. Ewing, Judge.*

ACTION by Robert Craig against J. P. Burns, as Sheriff of Cascade County, and another. Judgment for plaintiff and defendants appeal. Affirmed.

*Mr. T. F. McCue* and *Mr. John G. Noren* for Appellants, submitted a brief; *Messrs. O'Leary & Doyle,* of Counsel; *Mr. D. W. Doyle* argued the cause orally.

The complaint fails to show that at the time of the commencement of this action the respondent was the owner of the grain in controversy, or had an interest in it that could be enforced in a court of justice. It seems to us that it is just as essential to allege, where a party relies upon an execution sale, that he is the owner and holder of the certificate of sale, as it is for one who bases his action in trover upon chattel mortgages or notes to allege that he is the holder and owner of the notes. (See *Paine* v. *British-Butte Min. Co.,* 41 Mont. 28, 108 Pac. 12; *Perkins* v. *Duluth B. & M. Co.,* 58 Mont. 693, 194 Pac. 157; *Harrington* v. *Stromberg-Mullins Co.,* 29 Mont. 157, 74 Pac. 413.)

Respondent, by bringing his action to foreclose the mortgage solely against the land and by following this up by entering of decree against the land alone, waived all other security, and when the judgment was entered the mortgage and debt merged in the judgment. (*Toole* v. *Weirick,* 39 Mont. 359, 133 Am. St. Rep. 576, 102 Pac. 590.) Any security that he might have had to secure the mortgage debt is waived unless the same is included in the mortgage foreclosure. (*Hall* v. *Arnott,* 80 Cal. 348, 22 Pac. 202; *Stockton Sav. & Loan Soc.* v. *Harrold,* 127 Cal. 612, 60 Pac. 165.) Any security that is omitted from the foreclosure is waived. (*Marshall* v. *Middleton,* 100 Or. 247, 191 Pac. 886, 196 Pac. 830; *Mascarel* v. *Raffour,* 51 Cal. 242.)

[65 Mont. 550.]

The only right that the respondent could possibly have in the crops or grain in controversy he acquired by reason of his being a mortgagee, and the mere fact that he was in possession added nothing to his rights after the security was foreclosed upon. Because he was in possession he could not retain any of the security that he held by virtue of his mortgage out of the foreclosure and claim any lien or right over it. The foreclosure of the mortgage foreclosed all of the security and terminated everything that was held as security under the terms of the mortgage or in any way growing out of the mortgage. If he had any right in the crops in controversy at any time he was compelled to assert that right in his foreclosure proceedings and have the same included in the foreclosure and decree, to be sold and sold under the decree, because it is clear that any security that is held to secure a mortgage debt, unless included in the foreclosure, is lost as security. (*Freeman* v. *Campbell*, 109 Cal. 360, 42 Pac. 36; *Bull* v. *Coe*, 77 Cal. 54, 11 Am. St. Rep. 235, 18 Pac. 808; *Garretson Investment Co.* v. *Arndt*, 144 Cal. 64, 77 Pac. 770.) The possession of a mortgagee and the rights thereunder constitute additional security for the mortgage debt. "The possession is distinct and additional security for the entire debt." (*Longfellow* v. *Fisher*, 69 Minn. 307, 72 N. W. 119; *Dutton* v. *Warshauer*, 21 Cal. 609, 82 Am. Dec. 765; *Spect* v. *Spect*, 88 Cal. 439, 22 Am. St. Rep. 314, 26 Pac. 203.)

That the grain in question cannot be applied upon any alleged deficiency when the mortgage did not in terms cover it is settled beyond controversy by the case of *Locke* v. *Klunker*, 123 Cal. 231, 55 Pac. 995.

*Mr. R. K. West,* and *Messrs. Cooper, Stephenson & Hoover,* for Respondent, submitted a brief; *Mr. W. H. Hoover* argued the cause orally.

A mortgagee in possession has the title to the crops raised by him during the period of his possession. In respect to the title to such crops and emblements, his rights are no different

from those of a tenant for an indefinite term of years. " (*Holton* v. *Bowman,* 32 Minn. 191, 19 N. W. 734; Jones on Mortgages, sec. 697; *Ahern* v. *Littl,* 90 N. J. Eq. 72, 105 Atl. 597; *Porter* v. *Hubbard,* 134 Mass. 233; *White* v. *Pulley,* 27 Fed. 440; 27 Cyc. 1247.)

"If a mortgagee obtain possession in any peaceful mode, he may retain it against the mortgagor or the latter's assignee until the mortgage debt is paid." (*Cameron* v. *Ah Quong,* 175 Cal. 377, 165 Pac. 964; *Fee* v. *Swingly,* 6 Mont. 599, 13 Pac. 375; *Cooke* v. *Cooper,* 18 Or. 142, 17 Am. St. Rep. 709, 7 L. R. A. 273, 22 Pac. 945; *Frink* v. *Le Roy,* 49 Cal. 314; *Tallman* v. *Ely,* 6 Wis. 242; *Spect* v. *Spect,* 88 Cal. 439, 22 Am. St. Rep. 314, 26 Pac. 203.)

While it is true that there is an obligation upon the mortgagee in possession to account for the rents and profits, there is no independent action for such rents and profits, as such, and it is only in a suitable proceeding such as an action to redeem or upon suitable issues made in the foreclosure of a mortgage that an accounting can be required at all. (19 R. C. L. 334, 335; Jones on Mortgages, sec. 674; *Baker* v. *Cunningham,* 162 Mo. 134, 85 Am. St. Rep. 493, 62 S. W. 445.)

The plaintiff needed only to show, to support the action for conversion, that he was, at the date of the conversion, in possession and entitled to the possession of the crop and that he had a general or special ownership in the crop, in addition to the other facts, such as the taking and the market value which are not in dispute. (*Didriksen* v. *Broadview Hardware Co.,* 58 Mont. 421, 193 Pac. 63.)

Counsel for appellants contend that by reason of the decree in foreclosure, this mortgage was merged and nothing remained, and that thereby the debt was extinguished. It is not the law that where a mortgage upon real property is foreclosed and no personal jurisdiction is obtained of the defendants primarily liable and the property does not sell for sufficient to satisfy the mortgage debt, the debt is thereby discharged or satisfied. (27 Cyc. 1758; *Blumberg* v. *Birch,* 99

[65 Mont. 550.]

Cal. 416, 37 Am. St. Rep. 67, 34 Pac. 102; *Washington Life Ins. Co.* v. *Marshall*, 56 Minn. 250, 57 N. W. 658; *Merced etc. Bank* v. *Casaccia*, 103 Cal. 641, 37 Pac. 648; *Brophy* v. *Downey*, 26 Mont. 252, 67 Pac. 312.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On December 13, 1918, E. J. Ball and Mollie T. Ball, his wife, were indebted to Robert Craig and Jane Craig in the sum of $19,200, secured by a mortgage upon real estate situated in Cascade county. The mortgagors agreed to keep the taxes upon the property paid, to pay interest upon the principal annually, and to discharge the principal by annual installments beginning January 1, 1920. In the fall of 1919 the mortgagors seeded a portion of the land to winter wheat. They failed to pay the taxes for 1919, and likewise failed to pay the interest or the installment of the principal due January 1, 1920. Later, in January, 1920, Ball and his wife vacated the premises, and in writing directed Robert Craig to take possession thereof "with all crops growing on said land." Under that authority Craig entered into possession, made certain necessary repairs, gave to the growing crop of wheat whatever attention was necessary, and at its maturity harvested it and had it ready to be threshed on September 8, 1920, when the sheriff of Cascade county seized it under an execution issued in an action wherein Edith M. Noren was plaintiff and E. J. Ball was defendant. A demand for the return of the wheat was made, but refused, and this action in conversion was commenced. Issues were joined, and the cause was tried to the court without a jury. The amount and value of the wheat were fixed by stipulation of the parties. From a judgment in favor of the plaintiff the defendants appealed.

It is urged that the complaint does not disclose such a [1] general or special property interest in plaintiff as will support an action in conversion, but the principal argument

in support of this contention is founded upon the assumption that whatever right plaintiff has is to be determined as of the date when this action was commenced. The assumption is altogether erroneous. Plaintiff's right to damages is fixed as of the date of the conversion, and not as of the date when his complaint was filed. (*Babcock* v. *Caldwell,* 22 Mont. 460, 56 Pac. 1081; *Didriksen* v. *Broadview Hardware Co.,* 58 Mont. 421, 193 Pac. 63.)

The plaintiff alleges that at the time the wheat was seized [2] he was the owner, in possession, and entitled to the possession thereof, and that allegation, standing alone, would be sufficient; but he also sets forth the facts disclosing his claim of title or interest, and the sufficiency of the complaint will be tested by these allegations. (*Paine* v. *British-Butte Min. Co.,* 41 Mont. 28, 108 Pac. 12.)

At the time the wheat was seized by the sheriff it had been [3] severed from the soil, and was personal property. Craig was a mortgagee of the real estate, rightfully in possession of it and of the wheat by virtue of the authority conferred by the mortgagors, who were the owners, and as such mortgagee in possession he was entitled to retain the possession until his debt was paid in full. (*Fee* v. *Swingly,* 6 Mont. 596, 13 Pac. 375; *Toole* v. *Weirick,* 39 Mont. 359, 133 Am. St. Rep. 576, 102 Pac. 590.) If he had rented the premises he would have been held to account in equity for the rents and profits, and would have been bound to apply them in reduction of the mortgage debt (*Barnett* v. *Nelson,* 54 Iowa, 41, 37 Am. Rep. 183, 6 N. W. 49; *Toole* v. *Weirick,* above; 2 Jones on Mortgages, sec. 1114), or if he had managed the property personally, and had planted the wheat after taking possession, the measure of his liability would not have been affected. The wheat would have belonged to him and he would have been held for the rental value of the premises. (*Holton* v. *Bowman,* 32 Minn. 191, 19 N. W. 734; *Toole* v. *Weirick, supra;* 2 Jones on Mortgages, sec. 1122.) However, he did not plant

the wheat, and it was not covered by the mortgage. It belonged to the mortgagors, and, if they had retained possession, and had harvested the crop before sale under foreclosure, their right to it could not have been questioned. (*Locke* v. *Klunker*, 123 Cal. 231, 55 Pac. 993; 27 Cyc. 1247–1249; 2 Jones on Mortgages, secs. 697–780.)

The writing under which Craig held possession of the wheat was not a bill of sale. It did not purport to transfer title or do more than confirm his right to possession. In the absence of anything to indicate a contrary intention, it will be presumed that he held the wheat in trust, the proceeds to be applied toward the satisfaction of his debt (2 Jones on Mortgages, sec. 1126) and he was entitled to hold it against the attaching creditor of the mortgagor until the debt was paid, and he could be required to surrender only the excess, if any (27 Cyc. 1253). The interest which Craig had in the wheat at the time it was seized was sufficient to enable him to maintain an action for its conversion under all of the authorities.

The record discloses that Craig and his wife had instituted [4] a suit to foreclose the mortgage, but the proceedings had not progressed to judgment at the time the wheat was seized by the sheriff. After the seizure a judgment was obtained which recited that the amount due was something over $22,000. Under that judgment the real property was sold and bid in by Craig for $18,000. Section 9467, Revised Codes of 1921, provides that there is but one action for the recovery of debt or the enforcement of any rights secured by mortgage upon real estate or personal property. Upon the authority of that section defendants contend that by commencing the action to foreclose the real estate mortgage plaintiff waived whatever lien or claim he may have had upon the wheat, and numerous cases are cited to support the rule that a mortgagee may not foreclose his mortgages by piecemeal. For example, the case of *Mascarel* v. *Raffour*, 51 Cal. 242, fairly illustrates the rule. In that case the plaintiff had three mortgages, two of which

were upon the same parcel of land, and the third was upon that parcel and another adjoining parcel. The decree foreclosed the three mortgages upon the first parcel, but omitted to foreclose the third mortgage upon the second parcel. The court held that mortgage security could not be foreclosed in that manner, and a deficiency judgment entered, and that the legal effect of omitting to foreclose upon the second parcel was a waiver of the mortgage lien upon that parcel, citing section 726, California Code of Civil Procedure, in terms the same as our section 9467 above; but those decisions have no application here. Plaintiff did not have a mortgage upon the wheat, and the restriction found in section 9467 cannot be construed to include personal or collateral security or any other form of security not falling fairly within the meaning of the term "mortgage" as employed in the section. (*State Sav. Bank* v. *Albertson,* 39 Mont. 414, 102 Pac. 692.)

Finally, it is urged that the plaintiff cannot assert that [5] there was anything due on the mortgage debt after the foreclosure and sale; that, since Ball and his wife were absent from the state, and the service of the summons in the foreclosure suit was had by publication, the court was without authority to determine the amount due upon the debt or do more than fasten the amount of the lien upon the land. We are unable to appreciate the force of the argument. While it is true that the court could not enter up a deficiency judgment against Ball and his wife upon substituted service of summons, it is equally true that the court did not attempt to do so; but it does not follow that a sale of property for $18,000 satisfies and discharges an indebtedness of $22,000 merely because the judgment debtors are beyond the jurisdiction of the court. A debtor does not discharge his obligation by running away from it. In the foreclosure suit the court acquired jurisdiction to ascertain the amount secured by the mortgage, and, although it could not enter up a deficiency judgment, the unpaid portion of the debt remained and afforded ground

for a separate action to recover it. (*Blumberg* v. *Birch,* 99 Cal. 416, 37 Am. St. Rep. 67, 34 Pac. 102; 27 Cyc. 1758.)

We find no error in the record. The judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, GALEN and STARK concur.

Rehearing denied February 27, 1923.