JOHNSON COUNTY, IOWA, v. ARTHUR STRATTON AND JAMES STRATTON, Appellants.

**Support of the Poor:** LIABILITY OF RELATIVES.   Under Code, section 2217, placing the liability to support a poor person on his grandfather, "in the absence or inability of nearer relatives," it is not enough to show that certain poor persons have no children;

that their mother has not the ability to support them; that their father "has abandoned his wife," and has not property subject to execution; but it must be shown that he is absent or unable to support the children.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

### WEDNESDAY, MAY 16, 1900.

THE demurrer of defendant James Stratton to plaintiff's petition and amendment was overruled, and said defendant electing to stand on his demurrer, judgment was rendered against him, from which he appeals.—*Reversed.*

*O. A. Byington, Remley, Ney & Remley, J. G. Marner* and *L. A. Foster* for appellant.

No appearance for appellee.

GIVEN, J.—I.   The petition and amendments show the following:  That Arthur Stratton is the son of appellant, the husband of Carrie Stratton, and the father of their two children, aged about two and four years, and that he has abandoned his wife, and has no property subject to execution; that said Carrie Stratton has no means or property whatever; and that upon her application to the trustees of Oxford township for support of said children, and upon the trustees finding that said children were poor persons, and not able to maintain themselves, support was granted and extended to the amount of two hundred dollars; that James Stratton, the grandfather of said children, is the owner of property of the value of fifty thousand dollars or more, and is able, without personal labor, to support said children.   Plaintiff asks that James Stratton be adjudged to support said children, and for judgment against him for said two hundred dollars.   The ground of demurrer is that the petition fails to show that there is such an absence or inability of near relatives as contemplated in the statute. The Code provides as follows:

"Sec. 2216. Who Liable to Maintain. The father, mother and children of any poor person, who is unable to maintain himself or herself by labor, shall jointly or severally relieve or maintain such person in such manner as, upon application to the township trustees of the township where such person has a residence or may be, they may direct.

"Sec. 2217. In the absence or inability of nearer relatives, the same liability shall extend to grandparents, if of ability without personal labor, and to the male grandchildren who are of ability by personal labor or otherwise."

The obligation to support these children is primarily upon their father and mother, and secondarily upon their grandfather, "in the absence or inability of nearer relatives." The ages of the children show that they could not have had children. Therefore their grandfather was their next nearest relative to their father and mother, and bound for their support, if the conditions provided in the statute exist. The petition shows that the children are poor persons who are unable to maintain themselves; that their mother has not the ability to support them and the grandfather has the ability to so do without personal labor. The only showing as to their father is that he "has abandoned his wife," and "has no property in this country, or in any other country, subject to execution." It is not alleged that he is absent or unable to provide for his children. It does not follow that he is absent because he has abandoned his wife, nor that he is unable to support the children because he has no property subject to execution. Plaintiff is pursuing an exclusively statutory remedy, and must allege every condition necessary to entitle it to the relief demanded. This it has not done. Therefore the demurrer should have been sustained.—REVERSED.