WASHINGTON COUNTY, IOWA, Appellant, v. POLK COUNTY, IOWA.

**Settlement of married women.** Under Code, section 2224, a married woman's legal settlement follows that of her husband only where the family relation exists at the time he acquires a new settlement; and this relation may be severed by an abandonment of the wife.

**Same:** SUPPORT OF INSANE: MARRIED WOMEN: LIABILITY OF COUNTIES: ABANDONMENT. Where one county seeks to recover of another the expense of maintaining a married woman in a hospital for the insane it must show a legal settlement in the defendant county; and in defense to such settlement the defendant may show a prior abandonment by the husband, although not pleaded.

**Same.** A married woman who is abandoned by her husband before he acquires a new settlement retains the legal settlement she had at the time, no intent on her part being involved.

*Appeal from Polk District Court.*— HON. W. H. McHENRY, Judge.

TUESDAY, NOVEMBER 19, 1907.

REHEARING DENIED MONDAY, FEBRUARY 17, 1908.

ACTION to recover for the care and maintenance of an insane person. Judgment for the defendant, from which the plaintiff appeals.— *Affirmed.*

*Edmund D. Morrison* and *Eardley Bell, Jr.,* for appellant.

*Halloran & Starkey,* for appellee.

SHERWIN, J.— Nettie Keefer and Eli Gilmont were married in Washington county, Iowa, in 1885, and, with the exception of a short period in 1892 and another in 1894, during which Mrs. Gilmont was in a hospital for the insane, they lived together there as husband and wife until January, 1897. In January, 1897, Mrs. Gilmont was again adjudged insane by the commissioners of insanity of Washington county, and was again committed to the hospital at Mt. Pleasant. She was detained there until August, 1897, when she was returned to the Washington county authorities, and was by them immediately placed in the county asylum of said county, where she remained until the fore part of December, 1903. She was then taken therefrom to the hospital at Mt. Pleasant, as a person having a legal settlement in Washington county, and has since remained in said hospital. Washington county has paid the expense of keeping Mrs. Gilmont in the county asylum and in the State hospital since January, 1897, and the value thereof is not in dispute. In May, 1898, Eli Gilmont acquired a legal settlement in Polk county, and in May, 1905, Washington county made a demand on Polk county for the amount it had paid for keeping Mrs. Gilmont from May 1, 1898, claiming that Mrs. Gilmont acquired a legal settlement in Polk county when her husband did. The claim was rejected, and this suit followed.

Code, section 2224, provides as follows: " A legal settlement once acquired continues until lost by acquiring a new one, and may be acquired as follows: (1) Any person

1. SETTLEMENT OF MARRIED WOMEN.

having attained majority, and residing in this State one year without being warned as hereinafter provided, gains a settlement in the county of his residence. (2) A married woman follows and has the settlement of her husband, if he have any within the State, and if she had a settlement at the time of the marriage it is not lost by the marriage. (3) A married woman aban-

doned by her husband may acquire a settlement as if she were unmarried." The purpose of this statute is to fix the status of persons who need support from the public. It is based on the thought that one having a legal settlement as therein defined is entitled to support in case of need from the community where such settlement exists. 22 Am. & Eng. Enc. of Law (2d Ed.) 949. Subdivisions 2 and 3 of the section provide two ways in which a married woman may acquire such settlement. Under the first of the two, she acquires it by derivation from her husband, and, under the second, as she would if unmarried, and by the terms of the statute itself she can have but one legal settlement at one time. Under section 2224, the wife's legal settlement is that of her husband only when the family relation in fact exists, and her dependency upon him is acknowledged and acquiesced in by him; and, if this relation does not exist by reason of the abandonment of the wife, then her settlement does not follow the husband. This, it seems to us, is the clear meaning and intent of the section. And, as the question of settlement is purely statutory, the statute must be complied with, and the appellant must show that Mrs. Gilmont acquired a settlement in Polk county by virtue of her husband's settlement there. *Johnson County v. Stratton,* 111 Iowa, 421; *Gill v. Appanoose County,* 68 Iowa, 20; Code, section 2224.

The defendant claims that Eli Gilmont abandoned his wife immediately before she was adjudged insane in January, 1897, and that she could not therefore acquire a settle-

2. SAME: support of insane: married women: liability of counties: abandonment.

ment in Polk county. While the appellant earnestly urges that the record fails to show such an abandonment, we are constrained to hold otherwise. The facts and circumstances connected with and prompting the abandonment are somewhat unusual and peculiar, but still we think the entire record sustains the position of the defendant in regard thereto. We need not detail these matters, nor are we called

upon to determine the merits of that transaction. It is enough for the purposes of this case if there was an abandonment in fact. The appellant contends, however, that, even if there was an abandonment, it cannot now avail the defendant because it was not plead. But the appellant is wrong in the matter. Before it can recover of the defendant, it must show the legal settlement of Mrs. Gilmont in Polk county by derivation from her husband, for it is conceded that she never acquired a settlement in any other way, and that she was never, in fact, a resident of said county. This being true, it devolved on the appellant to prove every essential element necessary to create liability by derivation, and any evidence which tended to rebut the claim was competent without pleading it.

It is also said that the acquiring of a new settlement is one of intent, and that an insane person is incapable of such intent. This may be granted, but in this case the wife had for years had a legal settlement in Washington county, and such settlement was never changed if she was abandoned by her husband before he acquired a new settlement. Consequently no intent or action of the mind in relation to the matter was necessary on her part. She simply retained the settlement that she already had before and after her marriage. *Washington County v. Mahaska County*, 47 Iowa, 57; Code, section 2224.

3. SAME.

The conclusion we reach on this branch of the case disposes of the controversy, and we need not discuss other questions argued by counsel. The judgment is *affirmed*.