A. E. HINDORFF, Guardian of Elizabeth Carson, v. SOVEREIGN CAMP OF THE WOODMEN OF THE WORLD, Appellant.

Guardianship: DOMICILE OF INSANE INFANTS: JURISDICTION. The legal
1    domicile of a minor is that of the father regardless of the residence of the child; and a person of unsound mind is incapable of making a voluntary change of domicile. So that the court has jurisdiction to appoint a guardian of the estate of an insane minor in the county where the father resides, with authority to bring action in the state for the purpose of collecting debts due the estate, which the minor might have brought if a person of sound mind and full age and domiciled in that county.

Same: PLEADINGS: SURPLUSAGE. It is only necessary in such cases
2    for the guardian in bringing action for his ward to describe himself in the petition as guardian of the ward for whom he sues; and the appointment will be presumed to have been duly and regularly made under authority of law, even though the petition erroneously refers to the appointment as having been made under certain sections of the statute, as in this case; as the reference to the statute will be regarded as surplusage and wholly immaterial.

**Mutual insurance:** ACTION UPON CERTIFICATE: JURISDICTION. A suit
3  upon a benefit certificate is one *in personam* and not *in rem,* and
the location of the beneficiary fund is immaterial so far as the
question of jurisdiction is concerned.

**Same:** APPOINTMENT OF GUARDIAN: COLLATERAL ATTACK. In an action
4  upon a benefit certificate brought by a guardian the defendant
can not collaterally attack the validity of the guardian's appoint-
ment on the ground that the facts did not justify the appointment.

*Appeal from Jasper District Court.*—HON K. E. WILL-
COCKSON, Judge.

THURSDAY, FEBRUARY 9, 1911.

ACTION on a certificate of membership of Archibald
Carson, the father of plaintiff's ward, in the defendant asso-
ciation, providing that on the death of such member the
benefits named in such certificate should be payable to said
ward. There was a demurrer to the petition which the court
overruled, and defendant electing to stand on its demurrer,
judgment was rendered for plaintiff, from which defendant
appeals. *Affirmed.*

*Arthur H. Burnett* and *Frank H. Dewey,* for appel-
lant.

*McElroy & Cox,* for appellee.

McCLAIN, J.—By its demurrer the defendant ques-
tioned the jurisdiction of the court of Jasper county to
appoint plaintiff to be guardian of the estate of Elizabeth
Carson, and the right of said guardian to maintain an
action on the certificate of which the ward was a benefi-
ciary, the defendant association not being an incorporation
having its principal place of business in this state, but do-
ing business in the state and properly served with notice
of the action by service on the State Auditor, the suffi-

ciency of which is not questioned, provided action on the certificate could be maintained in this state.

The allegations of the petition as originally filed, so far as they bear upon the jurisdiction of the court in Jasper county to appoint plaintiff as the guardian of the estate of Elizabeth Carson and the authority of plaintiff as such guardian to maintain this action, were as follows: "First. That the plaintiff is duly appointed, qualified, commissioned and acting guardian of the property of Elizabeth Carson, who is now, and during all of the times herein mentioned has been, a nonresident alien, of unsound mind, residing in the kingdom of Great Britain, and having both real property and personal property in Jasper county, Iowa, said appointment having been duly and regularly made by this court and by virtue of sections 225 and 3202 of the Code of Iowa." Subsequently an amendment to the petition was filed containing the following allegation: "That said Elizabeth Carson was supported by said Archibald Carson from the date of her birth to the time of his death; that said Elizabeth Carson became of unsound mind when she was about twelve years of age, and has ever since remained of unsound mind."

The demurrer was made applicable to the petition as amended, and we therefore have a case where the proper court of a county has appointed a guardian of one who appears by other averments in the petition to have died a resident of that county; such daughter having been of the age of twelve years when she became of unsound mind and having remained of unsound mind until such guardian was appointed. There is no question as to the proposition that the legal domicile of a minor child is that of the father, regardless of the actual place of residence of such child, and that a person of unsound mind is incapable of a voluntary change of domicile. *Jenkins v. Clark,* 71 Iowa, 552; *In re Guardian of Benton,* 92 Iowa, 202;

1. GUARDIANSHIP: domicile of insane infants: jurisdiction.

*McIntire v. Bailey,* 133 Iowa, 418; *Washington County v. Polk County,* 137 Iowa, 333; Minor, Conflict of Laws, pp. 36, 54. The court, therefore, had authority to appoint plaintiff guardian of the estate of Elizabeth Carson with authority to bring any action in the state for the purpose of collecting debts due to her estate which she might have brought if she had been a person of sound mind and of full age domiciled in that county.

It is only necessary for the plaintiff in bringing such an action to describe himself as guardian of the ward for whom he sues (Code, section 3224), and such allegation is sufficiently made in the petition as amended.

2. SAME:
pleadings:
· surplusage.

The contention for appellant seems to be that as the allegation in the original petition that plaintiff's appointment was duly and regularly made by the court appointing him, "and by virtue of sections 225 and 3202" was not superseded by the amendment, plaintiff must be regarded as having been appointed guardian of a nonresident person of unsound mind, having property in the county, under said section 3202, and not as guardian of a person of unsound mind resident of the county under Code, section 3219. But we are clear that the statement as to the section of the Code under which the appointment was made is in the nature of surplusage and wholly immaterial. It can not affect the authority of the plaintiff that the court making the appointment had a wrong conception of the provisions of the statute under which the appointment was made. The appointment must be presumed to have been duly and regularly made under authority of law, and there is nothing in the petition as amended to indicate that it was not duly and regularly made under the authority to appoint a guardian for a resident of unsound mind, no matter what may have been the place of temporary residence of the person for whom such appointment was made.

Plaintiff then was authorized to bring suit to collect

any debts due to the estate of his ward which she could have instituted had she been competent to sue. No question is made as to the right to bring suit in Jasper county on the certificate of membership in defendant association of which the ward was a beneficiary. The suit was not *in rem,* but *in personam,* and the location of the beneficiary fund was wholly immaterial. *Mutual Life Ins. Co. v. Woodworth,* 111 U. S. 138 (4 Sup. Ct. 364, 28 L. Ed. 379); *Sulz v. Mutual Life Ass'n,* 145 N. Y. 563 (40 N. E. 242, 28 L. R. A. 379).

**3. MUTUAL INSURANCE: action upon certificate: jurisdiction.**

Counsel for appellant protest that the only object of the defendant association in questioning the authority of the plaintiff to sue is to secure an adjudication which will justify a payment to plaintiff of the amount due under the certificate and protect it against subsequent liability to make payment to any other claimant. Such protection will be afforded by the present judgment. A court having jurisdiction to determine the residence of the ward and to appoint plaintiff as guardian for such ward, as the ward is legally a resident of Jasper county, has in effect decided that under the facts it has jurisdiction to make such appointment, and, acting on this appointment, the plaintiff has instituted this action. Defendant can not collaterally question the validity of plaintiff's appointment on the ground that the facts did not justify it, and therefore is in no situation to resist the payment to plaintiff of the amount due under the certificate. The judgment is *affirmed.*

**4. SAME: appointment of guardian: collateral attack.**