## ERNEST MANTHEY v. CHRIST SCHUELER.[1]

June 12, 1914.

Nos. 18,647—(171).

**Support of pauper relatives — contribution.**

Under the statute charging certain relatives with the support of their pauper relatives a relative, equally liable with another for the support of a pauper relative, who furnishes such support, not as a voluntary matter, may recover of the other by way of contribution.

Action in the district court for Sibley county to recover $120, defendant's share of the cost of the necessaries provided by plaintiff for the destitute infant grandchildren of plaintiff and defendant. Defendant's demurrer to the complaint was overruled, Morrison, J. Defendant answered and the case was tried before the same judge, and a jury which returned a verdict in favor of plaintiff for $100. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*George A. & C. H. Mackenzie* and *Somsen, Dempsey & Mueller,* for appellant.

*Young & Quandt,* for respondent.

[1] Reported in 147 N. W. 824.

DIBELL, C.

The plaintiff is the maternal grandfather and the defendant is the paternal grandfather of four children ranging in ages from 16 months to six and one-half years. The father of the children deserted his wife, the mother is unable to support them, and they are dependent.

It is provided by statute that any poor person, unable to earn a livelihood, shall be supported by his children, parents, brothers, sisters, grandchildren or grandparents; and such relatives having sufficient ability shall be called on for such support in the order stated. If the relative charged with the support of such poor person refuses to support him when directed by the board or council of the county, town, city or village, he is subject to a forfeiture; and the municipal body furnishing support may recover of such relative. R. L. 1905, § 1485; Laws 1905, p. 515, c. 327, § 1; G. S. 1913, § 3068; R. L. 1905, § 1486; G. S. 1913, § 3069.

The statutes are somewhat involved, but we think we have correctly stated their import so far as they affect the case at bar.

The children have no one able to support them in the statutory line of liability except the plaintiff and defendant, both of whom are able. The children have a settlement in a town in Sibley county, which county has the town system of caring for the poor.

The plaintiff has supported three of the children and the defendant has supported one and has refused to support or aid in the support of the others. The plaintiff brought this action to recover of the defendant contribution, claiming that the support furnished by him exceeded in value that furnished by the defendant, and that the burden should be borne in common.

There was a verdict for the plaintiff. The defendant appeals from the judgment. The evidence is not returned. By a bill of exceptions the defendant preserves the objection that the complaint does not state a cause of action. The facts which we have stated are sufficient for a solution of the case and are stated in the complaint and are necessarily determined by the judgment; and the question in substance is whether the facts stated in the complaint, and determined by the judgment, there being no affirmative defense, justify a recovery.

The duty resting upon the plaintiff and the defendant to support their grandchildren, under the circumstances disclosed, is imposed by statute. It did not exist at common law. It is classed as a quasi-contractual obligation. Woodward, Quasi-Contracts, § 204.

If the town were seeking to enforce the duty resting upon the plaintiff and the defendant it would, upon the authorities cited by counsel for defendant, have to proceed in the manner fixed by the statute, and could not recover without first having directed the giving of support. Multnomah County v. Faling, 49 Ore. 603, 91 Pac. 21; Johnson County v. Stratton, 111 Iowa, 421, 82 N. W. 955. This is not such a case; nor is it a case of recovering from the town by one furnishing support upon the town refusing to furnish it. The case presented is one where two persons, charged by statute in the same degree for the support of dependent children, have furnished support in unequal amounts. If either the plaintiff or the defendant had furnished support when directed by the town authorities, there would be no question of the liability of the other to contribute. We are of the opinion that it was not necessary that either await such direction, that is, await until the status of the children as paupers was fixed by the town authorities, in order that he have the right of contribution. The burden was a common and equal one imposed by the statute and rightly assumed by either of the grandparents. Equality of burden results equitably in equality of payment and one properly paying more than his proportion may recover at law by way of contribution.

Quarreling relatives cannot make use of the statute to put unjust burdens upon one another. A relative who takes a dependent child, or other relative, into his home, with the notion of having its society and services and giving it voluntary support, will not be permitted to recover of another relative of the child in whole or in part for support. There cannot be a recovery for services or support voluntarily given. One relative cannot claim the right to keep a relative and charge its support partly or wholly to another. It is only in cases unusual in their facts that a recovery by one relative from another can be sustained. The facts here before the court present a case of liability.

Judgment affirmed.