KATHERINE A. PECHTL v. ELIZABETH SCHMID.[1]

October 7, 1927.

No. 26,163.

**Reduced verdict for contribution from plaintiff's sister sustained.**

Action by one sister against another to recover, by way of contribution, for the support of their mother, a "poor person." *Held:*

(1) The evidence was ample to justify a finding that the support was not voluntary and to entitle the plaintiff to recover.

(2) There is nothing in the record to indicate passion or prejudice on the part of the jury, or that the verdict, as reduced, is excessive.

(3) There was no error in the rulings on the admissibility of evidence.

Contribution, 13 C. J. p. 824 n. 35; p. 835 n. 19.
Damages, 17 C. J. p. 1087 n. 56.

Defendant appealed from a judgment of the district court for Brown county, Olsen, J. Affirmed.

*Pfaender & Glotzbach,* for appellant.

*A. R. English* and *Somsen, Dempsey & Flor,* for respondent.

QUINN, J.

Action to enforce contribution by one sister against another for the support of their mother. There was a verdict in favor of the plaintiff for $907.50. Upon motion, the court granted a new trial unless plaintiff consent to a reduction of the verdict to $857.75. The consent was filed and defendant appealed.

The father died testate in 1870, leaving surviving him his widow and three daughters. Subsequently one of the sisters died, leaving surviving her two children. The mother remarried and thereafter her husband died, leaving surviving him one child, the issue of such marriage.

[1]Reported in 215 N. W. 512.

At the time of his death the father of the three girls owned 160 acres of land in Brown county, of which he devised one 40 to each girl, and the other 40 to the mother for life, without remainder. It is clear that during the last 12 years of her life the mother was a poor person within the meaning of G. S. 1923, § 3157, as construed in Howie v. Gangloff, 165 Minn. 346, 206 N. W. 441.

[1] The important question on this appeal is whether plaintiff rendered services for her mother voluntarily and without any expectation of assistance or contribution from defendant. The mother departed this life in April, 1923, at the age of 96 years. For more than 12 years next preceding her death, she lived in the plaintiff's home. She had no income or means of support except an annual rental from the 40-acre tract of $160. During the last three years of her life, she was confined to her bed most of the time. She was blind and afflicted with a large tumor which rendered her unable to comb her hair or move her arms upward. She had to be lifted from bed and assisted to the table for meals or the meals had to be carried to her, and she was so deaf that a speaking trumpet was necessary. The plaintiff rarely left her home because of the mother's condition, but remained with her, rendering the most arduous and unpleasant kinds of service.

We consider the evidence ample to justify a finding that the support and care furnished by the plaintiff to her mother was not voluntary and was with expectation of contribution within the meaning of the statute as construed in Manthey v. Schueler, 126 Minn. 87, 147 N. W. 824, Ann. Cas. 1915D, 241. The defendant resided about 15 miles distant from her mother during the time here in question. She did nothing in a substantial way in caring for the mother. No particular good would be accomplished by resuming the testimony bearing upon this phase of the controversy which, it is clear, the jury settled by its verdict.

The trial court instructed the jury that

"if you find from the evidence that the plaintiff voluntarily kept and cared for her mother with expectation of receiving compensation in the way of property from Mrs. Wartha, or out of her estate

and without any intention of claiming and receiving any compensation or contribution from the defendant then you will find a verdict in defendant's favor of no cause of action. Or in other words, if you find from the evidence that the plaintiff furnished the care and maintenance in expectation of receiving from her mother, or her estate, the forty acres of land mentioned in the evidence and without any expectation of having Mrs. Schmid pay any part of the support, then your verdict will be for the defendant."

This instruction was as fair, full and complete under the evidence as the defendant was entitled to.

[2] We discover nothing in the record to indicate that the defendant did not have a fair trial, or that the jury was influenced by passion or prejudice. Apparently the jury accepted the testimony of the plaintiff as to the value of the services. Other witnesses testified to an amount far in excess of that fixed by the plaintiff. The plaintiff testified that the service during the last three and one-half years of her mother's life was worth $15 per week. In passing upon the amount of the verdict, it is apparent that the jury, as well as the learned trial judge, allowed recovery for three and one-half years at $15 per week, from which the court deducted the rental of $560, which plaintiff received, leaving a balance of $2,170. One-third of this amount, with interest from the date of the mother's death, is $857.75, the amount to which the verdict was reduced. We find in the record no reason for disturbing the verdict thuswise arrived at.

[3] There was no error in the rulings on the admissibility of evidence.

Affirmed.