## ALBERT FITZKE v. ANNA FITZKE.[1]

June 13, 1941.

No. 32,871.

*Philip L. Scherer,* for appellant.
*Stone & Anthony,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Plaintiff sued on a written contract to recover real estate rentals. The municipal court rendered judgment for the amount asked. On appeal the district court granted plaintiff's motion for judgment on the pleadings. Defendant appeals from the judgment.

[1]Reported in 298 N. W. 712.

Plaintiff is defendant's son. On July 14, 1931, the contract here involved was entered into. Besides plaintiff and defendant, seven of defendant's other children are also parties. The contract recites that it is made for the purpose of adjusting differences between the parties arising out of the ownership of a house and lot in the city of New Ulm, a quarter section of land in Nicollet county, and certain other matters mentioned therein. The provision around which this case centers reads:

"The said parties herein, nine (9) in number, other than the said Anna Fitzke, do hereby grant, give and convey to the said Anna Fitzke, the life use of and interest in and to the above described farm in Nicollet County; the said Anna Fitzke hereby agreeing that she shall hereafter on January 1 of every year during her life, beginning January 1, 1932, pay to each of said above other nine (9) persons, the sum of Thirty ($30.00) Dollars as and for rental and for such use and occupation, she to pay taxes, insurance and reasonable repairs thereon."

The complaint alleges the execution of the contract, the performance of all its conditions by plaintiff, and the failure of defendant to make the payments required by its terms.

The answer admits the execution and the failure of defendant to make the payments; alleges that the contract is an improvident one in that it requires defendant to make payments far in excess of the reasonable rental value of the premises; "that defendant is a 'poor person' and has no means of a livelihood or support other than the meager living she can make upon the premises set forth in said contract. That the payment of the said rental of $30.00 per year, together with like payments to the other children, together with the taxes, insurance and upkeep of said premises would deprive this defendant of a livelihood and the means of existence.

"That plaintiff owns the said interest in said premises without encumbrance and is able and financially capable of supporting the defendant, his mother, and in any event is able and financially

capable of contributing his share toward the support and maintenance of this defendant, his mother, and that his necessary contribution for that purpose is at least the sum of $30.00 per year during her lifetime, together with a cancellation of any and all claims for rental due and owing to him by reason of the said contract."

Defendant asks that plaintiff's claims be cancelled, the action dismissed, and that plaintiff's share of all further rentals be cancelled during defendant's lifetime.

There are no assignments of error as required by supreme court Rule VIII(3)(d). 200 Minn. xxx. We will waive the omission, as the only point raised by defendant on the appeal is that the trial court erred in granting plaintiff's motion for judgment on the pleadings. That presents the question whether the answer states a counterclaim which may be used as a setoff against plaintiff's claim. Defendant concedes liability under the contract upon which the action is based. She contends that she has the right to counterclaim for the purpose of compelling plaintiff to contribute to her support as a "poor person" under 1 Mason Minn. St. 1927, § 3157. She relies on Howie v. Gangloff, 165 Minn. 346, 206 N. W. 441, to support that position. We need not decide whether a poor person can sue the one liable for his support. We do not reach that question. Assuming that defendant may maintain such an action and, if she has a cause, that she can set it off against plaintiff's claim in a proper countersuit, she has failed to state a cause of action in her attempted counterclaim.

A counterclaim must be a complete and independent cause of action, either legal or equitable. 5 Dunnell, Minn. Dig. (2 ed.) § 7601. In pleading a counterclaim all the material facts constituting a cause of action must be alleged, with a demand for relief as in a complaint. The general rules governing the statement of a cause of action in a complaint apply to the statement of a counterclaim. 5 Dunnell, Minn. Dig. (2 ed.) § 7617, and cases cited. The counterclaim here attempted fails to state a

cause of action and consequently leaves nothing which might prop· erly be set off against plaintiff's conceded cause of action. The trial court correctly disposed of the case.

Judgment affirmed.