IN THE MATTER OF MRS. MARY PAVLICK, A POOR PER-
SON, PLAINTIFF, v. MRS. JEAN TERESINSKI, MRS.
PATRICIA GAPONE, EDWARD PAVLICK, AND MICHAEL
PAVLICK, DEFENDANTS.

Juvenile and Domestic Relations Court
County of Bergen

Decided March 3, 1959.

*Mr. Benjamin Stadtmauer,* attorney for plaintiff.

*Mr. John Blanda,* attorney for defendants.

KOLE, J. J. D. R. C. Plaintiff brings this action under *N. J. S. A.* 44:1–140 for support as a poor person by her two sons, Edward Pavlick and Michael Pavlick. The action, insofar as it also sought support from her two daughters, was heretofore dismissed after hearing, the court having found that they were financially unable to give any support.

Plaintiff is a widow, 65 years of age. She has no source of income other than a voluntary contribution of each of her sons of $20 per month, or a total of $40 per month, plus some incidental contributions from time to time by them. She resides in a house that she owns, which is estimated to be worth $12,000. She also owns the furniture in the house which she claims is worth about $1,800. She annually must pay $175 for taxes, $11 for water, $135 for fuel, and $37 for gas and electric. Her minimum present shelter requirements, therefore, come to $30 per month. In addition, she must buy food, milk and drugs. She has high blood

pressure, heart trouble and arthritis in her legs and knees. She is under a physician's care and is unable to work, even as a baby-sitter. The house has four rooms and bath. Two years ago she rented it to tenants for $60 per month and resided first with her son Edward and then in a rented flat. But she went back to her home because she needed a warmer place in which to live.

She estimates her minimum support needs at $100 per month. According to the county welfare board standards, her minimum needs are $82 per month.

Plaintiff testified that her son Edward works in Wright Aeronautical and her son Michael works as a chemist for Esso Standard Oil. She did not testify as to their earnings or their expenses.

Defendants moved to dismiss the complaint at the end of plaintiff's case on the grounds that (1) plaintiff had not sustained the burden of proving her sons' ability to support her, citing *Glassman v. Essex County Juvenile Court*, 9 *N. J. Misc.* 519 (*Sup. Ct.* 1931); and (2) plaintiff had not shown that she was a poor person, since she owned the house and furniture and should be required to sell the same and use the proceeds for support purposes. The same motion was again made at the end of defendants' case, the court having reserved decision on the first motion.

The motions to dismiss are denied.

At the conclusion of her proofs plaintiff had satisfied the burden of presenting a *prima facie* case of the defendants' ability to support. She proved all that could be expected of her, namely, that both sons were gainfully employed, where they were employed, and that they were earning money. She cannot be expected to prove, in this kind of proceeding, the amount of their earnings or their expenses, since these are matters peculiarly within the knowledge of defendants.

The *Glassman* case is not to the contrary. It did not decide the question of the proofs that plaintiff had to present to withstand a motion for dismissal at the end of her case. The court there was concerned only with the fact that there

were no proofs at all of defendants' earnings at the time of the hearing. In that case the proofs showed what the defendants' earning capacity was in May 1929, eight months prior to the hearing. The court held merely that plaintiff should have presented proofs as to their earnings at the time of the hearing, there being no presumption of continuance of a former status in such a situation.

Moreover, the proofs in the instant case later adduced by defendants show that they do have the ability to pay the amount hereafter ordered.

For the foregoing reasons both motions based on the fact that there was insufficient proof of defendants' ability to support are denied.

■ Defendants' contention that plaintiff is not a "poor person" within the meaning of the statute is likewise without merit. Defendants rely on *Meeker v. Meeker,* 61 *N. J. L.* 146 (*Sup. Ct.* 1897), where the court held that infants with an estate (realty and personalty) in remainder worth approximately $100,000 were not poor persons because they had available property which could readily be sold and converted into money for their support. The *Meeker* situation is not analogous to the instant case. Here the plaintiff does not own any property readily convertible into money for her support. All she has is the house and furniture, both of which she needs for shelter. Her minimum shelter expenses for the house are $30 per month. There is no proof that her expenses for a rented flat or apartment would not exceed this amount. To compel her to sell or rent her house or furniture, or both, in view of her advanced age and her illness, would merely add to her problems and that of her children. I find that the property that she owns is not immediately available or convertible into money for her support. I find further that her physical condition and advanced age make it impossible for her to earn any money to support herself, and that unless she receives the amount hereinafter ordered she will become a public charge. She is, therefore, a "poor person" within the meaning of *N. J. S. A.* 44:1–140. *Cf. Alameda County v. Janssen,*

16 *Cal. 2d* 276, 106 *P. 2d* 11, 15, 130 *A. L. R.* 1141 (*Cal. Sup. Ct.* 1940); *James v. Edwards*, 4 *Cal. App. 2d* 611, 41 *P. 2d* 370 (*Cal. D. Ct. App.* 1935) (hearing denied by *Cal. Sup. Ct.* 1935); *Howie v. Gangloff*, 165 *Minn.* 346, 206 *N. W.* 441 (*Minn. Sup. Ct.* 1925); *Tolley v. Karcher*, 196 *La.* 685, 200 *So.* 4, 8 (*La. Sup. Ct.* 1941); 48 *C. J.* 510, and *n.* 21; 70 *C. J. S. Paupers* § 60, *p.* 104, and *note* 11; 41 *Am. Jur.* 693 and *n.* 4.

The motions grounded on plaintiff's not being a poor person are therefore denied.

■ I find further that plaintiff's present minimum requirements in order to be kept off the relief rolls are $82 per month and that each defendant is financially capable of contributing $41 per month for her support.

■ However, equitable considerations suggest that defendants should be entitled to eventual reimbursement for their contributions ordered hereby in the event plaintiff's house is sold or mortgaged or upon plaintiff's death. If plaintiff were receiving relief from the county welfare board, for example, her property would be subject to a lien therefor. *N. J. S. A.* 44:7–14. There is no reason why similar protection should not be given the defendants. Accordingly, the order will provide that each defendant shall be required to contribute $41 per month for plaintiff's support, commencing March 1, 1959, provided that plaintiff execute a mortgage of the premises she owns, in recordable form, in favor of both defendants to secure all payments made under this order, commencing March 1, 1959, to the end that such payments shall constitute first liens against such premises as and when made. The form of mortgage shall be approved by the court. If plaintiff fails or refuses to execute such a mortgage by March 15, 1959, an order of dismissal will be entered.

The entry of the order in this case will be withheld until plaintiff executes such a mortgage or until March 16, 1959, whichever is earlier.